## The Pontiac & Lapeer Plank-road Company v. Spencer Hopkinson.

*Justices of the peace — Demand for jury — Payment of fees — Adjournment—Waiver.*

1. If a jury is demanded at the time of joining issue in justice's court, and before adjournment, the jury fee may be paid on the adjourned day, at any time before the trial is entered upon by the swearing of witnesses.

2. The right of trial by jury is a valuable one, and a justice of the peace ought not to be overstrenuous or technical in finding causes for a waiver. If he has any doubt, or is not able to certify in positive terms that no jury was demanded at the time provided for by statute, he should entertain the demand, and allow a jury to be struck and impaneled.

Error to Oakland. (Stickney, J.) Argued January 27, 1888. Decided March 2, 1888.

*Assumpsit.* Defendant brings error. Reversed. The facts are stated in the opinion.

*Aaron Perry*, for appellant.

*J. Ten Eyck*, for plaintiff.

CHAMPLIN, J. The plaintiff commenced separate actions against the defendant and five others, simultaneously, before George Robertson, a justice of the peace, to recover a penalty provided for in section 3591, How. Stat. On the return-day of the summons the parties all appeared, and entered into a written stipulation to adjourn the causes, without pleading and without prejudice to either party, until February 1, 1887, and they were adjourned accordingly.

On the first of February the parties again appeared, and the defendant moved for security for costs in the first case called, which was against Charles L. Stewart, based upon an affidavit filed with the justice. As the cases were all alike, it was agreed and consented, with the approbation of the justice, that the decision of the court should apply to five other suits brought by plaintiff and then pending in his court, in one of which Spencer Hopkinson was defendant.

The justice overruled the motion, and thereupon the plaintiff filed a written declaration in the suit in which Stewart was a party, to which Stewart pleaded the general issue, and attached a notice duly verified denying the existence of the corporation plaintiff. The causes were then all adjourned from time to time until the seventh day of March, 1887, except the case against Stewart.

The defendant claims in his affidavit for *certiorari* that, after joining issue in the Stewart case, the declaration and plea in which was to stand as the pleadings in all the others,

his attorney demanded a jury in all six cases, and stated to the justice that he would pay him the jury fees before he would ask him to issue a *venire*. The justice returns that the defendant's attorney did, in the case of Charles Stewart demand a jury; that he asked him for six dollars, which he did not pay; that he had turned around and was moving away, and if he said anything, that he, the justice, did not hear him, as he did not address the court; and that there was nothing said in his hearing in regard to a jury in the other five suits, and in fact that they had not then joined issue.

The Stewart case came on for trial on the fifteenth of February, 1887. The defendant paid six dollars jury fee, and a jury was summoned, and the trial resulted in a verdict for defendant. When this case was called on the seventh day of March, the defendant tendered the justice six dollars, and asked that a jury be summoned to try the cause. The plaintiff's counsel thereupon objected on the ground that the defendant had waived all his rights to a jury at the time of joining issue. After listening to arguments, the justice decided that defendant had waived his right to a jury by not making demand for the same on the day of joining issue, and also in failing to pay into court, or offering to pay, the jury fee of six dollars, and sustained the objection, and refused to issue a *venire*. The defendant and his attorney thereupon withdrew from the case, and took no more part therein before the justice.

The justice proceeded to the trial, and rendered a judgment in favor of plaintiff and against the defendant for $10 damages, and $10 costs of suit.

Error is asssigned upon the action of the justice in refusing to require security for costs. The affidavit upon which the motion was based is not returned, and we cannot say that he committed any error in denying the motion.

Error is assigned upon the refusal of the court to permit a jury trial. It appears from the affidavit for *certiorari*,

which was made by the attorney for defendant, and who acted as the attorney for each of the defendants, that it was agreed on the day upon which issue was joined, between the counsel for the respective parties, in open court, that the same proceedings should be considered as had and taken in each of said other cases that were had and taken on that day in Stewart's case, and that the justice thereupon assented to such arrangement, and then and there stated that he would make his minutes and record accordingly; and the attorney for defendants then and there demanded in behalf of the defendants a jury in each and every one of said causes.   This statement is supported by the affidavits of Arthur R. Tripp, Spencer Hopkinson, Charles L. Stewart, George W. Todd, and Chester J. Webster.

The justice, in his return as originally made, certified that it was stipulated that the application for security for costs, and the decision thereon, should apply to the other five suits, but failed to certify as to the demand then made or claimed in the affidavit to have been made in reference to the demand for a jury in each of the cases.   A motion for a further return was made and granted, requiring the justice to return, among other things,—

"Whether or not Jerome W. Robbins, attorney for said Spencer Hopkinson, stated to said justice after this cause was called on said first day of February, and before the adjournment thereof on that day, that he (said Robbins) did not know what his (said justice's) practice was with regard to granting jury trials, but that to save any question as to the rights of the defendants,—for he was their attorney in the causes then pending before said justice,—he would demand a jury trial in each of them, or words to that effect; and whether, on said February 1, before the adjournment of this cause, the said Jerome W. Robbins demanded or in any way asked for a jury in the said Stewart case, and also what said Robbins said on that occasion about a jury in said cause against Stewart."

The justice further returned as follows:

"I certify I know nothing as set forth, except in joining

issue in the cause of Spencer Hopkinson, defendant, there was nothing said in my hearing in regard to a jury. * * * I certify on the first day of February, 1887, in the trial of Charles Stewart's suit on the day of joining issue, Jerome Robbins, counsel for the said Stewart,—(I'm asked to state what Jerome Robbins said),—Jerome Robbins, counsel for the defense, Charles Stewart, addresses the court, and demands a jury. Robbins turns from the court at the same time. I, the court, ask for the six dollars. He did not pay the six dollars. He was moving away; and, if he said anything, I did not hear him, as he did not address the court; and there was nothing said in my hearing in regard to a jury in the other five suits; in fact, they had not yet joined issue."

The justice was also directed by the circuit court to return as to whether or not the agreement made in open court between counsel of the respective parties was not made as above stated; to which he certified that it was agreed to in open court that, so far as security for costs, the decision of the court should apply to the other five cases, and there was no agreement made further. It appears, however, that the declaration and plea returned in the record as the declaration and plea in this case is the declaration and plea in the suit against Charles Stewart, which agrees with the defendant's contention, and is not consistent with the return. We think, also that the return does not negative the direct assertion that a jury was demanded on the joining of issue, and that the return, in stating that nothing was said in regard to a jury in his hearing, or, if he did say anything, he did not hear it, is evasive.

Upon the facts appearing in this record and not contradicted in the return of the justice, the defendant was entitled to a trial by a jury on tendering, as he did, the six dollars therefor; and the justice erred in not permitting a jury trial. The defendant neither intended to waive, nor did he waive, the right to a jury trial. If the jury is demanded at the time of joining issue, and before adjournment, the jury fee may be paid at the day to which the cause stands adjourned,

at any time before the trial is entered upon by the swearing of witnesses.

The right of trial by jury is a valuable one, and the justice ought not to be overstrenuous or technical in finding causes for a wavier   If he has any doubt or is not able to certify in positive terms, that no jury was demanded at the time provided for by statute, he should entertain the demand, and allow a jury to be struck and impaneled.   These views are supported by what was said in *Van Sickle v. Kellogg*, 19 Mich. 49, and in *Boatz v. Berg*, 51 Id. 8 (16 N. W. Rep. 184).

The judgment is reversed, with costs of both courts.

The other Justices concurred.