THE PEOPLE v. WARD WEEKS.

*Criminal law—Justices' courts—Adjournment—Jury trial—Waiver —Disorderly person—Sentence.*

1. The adjournment by a justice of the peace of the trial of a criminal case from December 30 to January 6, and from January 6 to January 10, because of the inability of the prosecuting attorney to attend, which fact is communicated to the justice by the prosecuting attorney by letter in the first and by telephone in the second instance, is held to have been proper, and not prejudicial to the defendant, he being out on bail; citing *People v. Shufelt,* 61 Mich. 237.

2. Where a defendant in a criminal case triable before a justice of

the peace is asked if he desires a jury, and replies, through his attorney, that the court can do as it chooses, as he shall put in no defense, and the prosecuting attorney gives a negative answer to a like question, a jury will be deemed to have been waived; citing *People v. Steele*, 94 Mich. 437.

3. There is no conflict between 3 How. Stat. § 1997*a*1, which provides that any person who is convicted of being a disorderly person may, for the first offense, be punished by a fine not exceeding $50 and costs of prosecution, or by imprisonment not exceeding 30 days, or may be required to recognize for his good behavior for three months, and 3 How. Stat. § 1997*a*2, which provides that, where such recognizance is required, the justice may order the payment of the costs of prosecution in whole or part by the defendant, and in default of such payment commit him to the county jail until they are paid or he is otherwise legally discharged, which imprisonment shall not exceed 90 days.

4. A defendant who is convicted of being a disorderly person, and required to recognize for his good behavior and pay the costs of prosecution, and fails to comply with the order, and is committed under 3 How. Stat. § 1997*a*2, cannot object to the sentence as excessive.

Error to Kalamazoo. (Buck, J.) Argued February 1, 1894. Decided February 12, 1894.

Respondent was convicted of being a disorderly person, under Act No. 264, Laws of 1889, and required to enter into a recognizance for his good behavior, and pay one-half the costs of prosecution. Judgment affirmed. The facts are stated in the opinion.

*J. R. Cropsey*, for respondent.

*A. A. Ellis*, Attorney General, and *Alfred S. Frost*, Prosecuting Attorney, for the people.

Grant, J. Three objections are raised to the conviction in this case:

1. The case was adjourned by the justice from December 30 to January 6, and from January 6 to January 10, against the objection of the defendant. These adjournments were

had by reason of the inability of the prosecuting attorney to attend at those dates, which fact was communicated by the prosecuting attorney to the justice by letter and by telephone. The adjournments were proper, and did not operate to the prejudice of the defendant, as he was out on bail. *People v. Shufelt*, 61 Mich. 237.

2. The defendant, who was charged with being a disorderly person, was tried by the justice without a jury. The justice returned to the writ of *certiorari* that trial by jury was waived by the defendant. The waiver appears to be based upon the following facts: The court asked the defendant if he wanted a jury, to which he replied, through his attorney, that the court could do as it chose about the jury, as he should put in no defense. The justice then asked the prosecuting attorney if the people desired a jury, to which he replied that they did not. We think this amounted to a waiver, and authorized a trial by the court. *People v. Steele*, 94 Mich. 437.

3. It is claimed that the sentence was excessive. The conviction was had under Act No. 264, Laws of 1889. Section 2 provides different punishments for first, second, and subsequent offenses; the punishment for the first offense being a fine not exceeding $50 and the costs of prosecution, or imprisonment not exceeding 30 days, or a recognizance for good behavior for three months. Section 3 provides that, if the defendant is required to give security for good behavior, the justice may require and order that the costs of prosecution, or any part thereof, shall be paid by the defendant, and in default of such payment he may be committed to the county jail until such costs are paid or he is otherwise legally discharged, but such imprisonment shall not exceed 90 days. The defendant was required to enter into such recognizance, and to pay one-half of the costs of prosecution, and in default of payment he was committed. It is contended that he could have been sen-

tenced for only 30 days under section 2. We think otherwise. There is no conflict between the two sections, and the sentence under section 3 was proper. No imprisonment was imposed, except that conditioned upon the non-payment of the costs and failure to give the recognizance.

Judgment affirmed.

McGRATH, C. J., LONG and HOOKER, JJ., concurred. MONTGOMERY, J., did not sit.