PEOPLE *v.* REDMAN.

1. JURY—WAIVER OF JURY TRIAL—JUSTICES OF PEACE.
   Where defendant, on his conviction in justice's court of offense
   of driving motor vehicle on public highway while under influ-
   ence of intoxicating liquor in violation of Act No. 318, Pub.
   Acts 1927, appealed to circuit court, and, at beginning of
   trial, in open court, by attorney expressly waived trial by
   jury, the trial court was not in error in proceeding with the
   trial without jury, although waiver was not in writing; case
   being one cognizable by justice of peace within meaning of
   Act No. 175, Pub. Acts 1927, chap. 3, § 3.

2. CRIMINAL LAW—MOTOR VEHICLES—WITNESSES—EYEWITNESSES.
   Where, in prosecution for driving on public highway while under
   influence of intoxicating liquor in violation of Act No. 318,
   Pub. Acts 1927, defendant admitted driving on highway, but
   denied being under influence of intoxicating liquor, prosecutor
   was not bound to call as witnesses all who saw the collision be-
   tween defendant's automobile and that of complaining wit-
   ness, but it was sufficient to call all witnesses who were ma-
   terial on contested issue as to whether defendant was under
   influence of liquor.

3. SAME—FAILURE TO CALL WITNESSES—CUMULATIVE TESTIMONY.
   Claim made for first time in assignments of error that certain
   witnesses should have been called by prosecution in criminal
   case is made too late, especially where testimony of such wit-
   nesses would have been cumulative only.
   POTTER, J., dissenting.

Error to Oakland; Gillespie (Glenn C.), J. Sub-
mitted January 16, 1930. (Docket No. 147, Calen-
dar No. 34,678.) Decided April 7, 1930.

Milton Redman was convicted of driving while
intoxicated. Affirmed.

*Oliver M. Green,* for appellant.

On liability and effect of intoxication of person operating automo-
bile, see annotation in L. R. A. 1917A, 313.

*Wilber M. Brucker,* Attorney General, *Norman C. Orr,* Prosecuting Attorney, and *Thomas P. Gillotte,* Assistant Prosecuting Attorney, for the people.

NORTH, J. Upon appeal from a justice's court conviction, the defendant was tried in the circuit court without a jury, and again convicted of the charge of driving a motor vehicle upon the public highway while under the influence of intoxicating liquor in violation of section 3, Act No. 318, Pub. Acts 1927. The defendant has brought the case here by writ of error and seeks a reversal of his conviction on two grounds: (1) That there was error in the trial of defendant by the court without a jury because the defendant did not waive his right to a jury trial *in writing* as provided by the Michigan code of criminal procedure; and (2) there was error in that the court did not require the prosecuting attorney to produce all of the eyewitnesses to the automobile accident, the happening of which led to defendant's arrest.

1. The statute under which the defendant assigns the error first above noted in part reads as follows:

"In all criminal cases arising in the courts of this State whether cognizable by justices of the peace or otherwise, the defendant shall have the right to waive a determination of the facts by a jury and may, if he so elect, be tried before the court without a jury. Except in cases cognizable by a justice of the peace, such waiver and election by a defendant shall be in writing signed by the defendant and filed in such cause and made a part of the record thereof. It shall be entitled in the court and cause in substance as follows." (For form and method of waiver see statute.) Act No. 175, Pub. Acts 1927, chap. 3, § 3.

It will be noted that the statute expressly excepts from the provision requiring the waiver to be in writing those cases "cognizable by a justice of the peace." The right to a jury trial can be waived in that class of cases without doing so in writing. At the beginning of defendant's trial in the circuit court he expressly waived through his attorney a trial by jury, as did also the prosecuting attorney. The offense charged being one "cognizable by a justice of the peace," it was not error to proceed with the trial before the court without a jury, notwithstanding the waiver was not in writing.

2. Was there error in the failure of the prosecuting attorney to call all the eyewitnesses of the automobile accident? It must be borne in mind that defendant is not charged with criminal liability for this automobile accident. The accident as such is only an incident to the charge against the defendant of driving a motor vehicle on the public highway while under the influence of intoxicating liquor. As a witness he admitted he was driving this automobile on the public highway; but denied that he was then under the influence of intoxicating liquor. This denial presented the only contested issue in the case; and therefore the only material witnesses were those who could testify on that phase of the case. It was not a question of how the accident happened. The defendant, if guilty at all, would have been equally guilty although no accident had occurred. The prosecution was not bound to call as witnesses all those who saw the collision between defendant's automobile and that of the complaining witness. There is no very material conflict as to where or how the collision occurred; and in any event that is not the issue which determines defendant's guilt or innocence. That turns solely on the question as to

whether he was "under the influence of intoxicating liquor." Besides the defendant, there were six witnesses who claimed to have personal knowledge of defendant's condition in this particular. Three testified the defendant was under the influence of intoxicating liquor; and three testified he was not. The judge believed the former and found the defendant guilty.

Defendant's counsel made no claim at the trial that there were other witnesses whom he named or designated who could testify one way or the other as to the defendant's having been at the time under the influence of intoxicating liquor and who for that reason should be produced as witnesses by the prosecuting attorney. For the first time in this record the names of the witnesses desired appear in the assignments of error. With the exception of three of these, who were occupants of defendant's automobile, there is no claim or inference that any of them could testify at all on the controlling issue. One of the three occupants of defendant's car was sworn by the defense. No showing is made in this record that either of the other two could have been located at the time of the trial. A proper demand or claim that either of these two should be produced as a witness by the prosecuting attorney was not made in the trial court; and in any event such testimony as they might have given would have been cumulative only.

"The rule requiring the prosecution to call every attainable witness where testimony is needed to disclose any part of the transaction, is to prevent the suppression of evidence, and does not make it always necessary to call all witnesses, particularly where their testimony would be only cumulative, and the offense is not a crime of violence (syllabus).

"The justice of requiring this (calling all attainable witnesses) must depend upon circumstances, and it would seldom be as manifest in cases of mere misdemeanor as in cases of higher offenses, especially those accomplished by violence." *Bonker* v. *People*, 37 Mich. 4.

The judgment of the lower court is affirmed.

BUTZEL, CLARK, McDONALD, SHARPE, and FEAD, JJ., concurred with NORTH, J.

WIEST, C. J. (*concurring in affirmance*). I concur in the opinion of Mr. Justice NORTH.

The case against defendant was cognizable by a justice of the peace. Appeal did not make it anything else. In such a case the waiver need not be, in writing. Defendant had the right of trial by jury. He waived the right in open court in a case cognizable by a justice of the peace.

The statute tenders right of waiver of trial by a jury and maps the procedure in cases not cognizable by a justice of the peace. If, under the Constitution, the right cannot be waived, then the statute is void.

If the right can be waived and is in fact waived in open court in a case cognizable by a justice of the peace, then the procedural provision is not involved. The term "cognizable by a justice of the peace" is in the statute to mark distinction between petty cases and felonies and circuit court misdemeanors.

Such a distinction was recognized in *Schick* v. *United States*, 195 U. S. 65 (24 Sup. Ct. 826, 1 Ann. Cas. 585), and, that case being petty, waiver was sanctioned.

This case being one cognizable by a justice of the peace at inception and only in the circuit court by appeal, there was no error in not reducing the waiver to writing.

POTTER, J. (*dissenting*). Defendant was arrested, charged with driving an automobile while intoxicated. After conviction in justice's court, he appealed to the circuit court, where he was tried and convicted without a jury, and brings error.

Did defendant waive trial by jury in the circuit court?

Prior to the passage of Act No. 175, Pub. Acts 1927, defendant could waive a jury in justice's court. Section 15776, 3 Comp. Laws 1915; *Ward* v. *People,* 30 Mich. 116. The question is whether, under that statute, after a criminal case is appealed to the circuit court by defendant, the case is then one cognizable by a justice of the peace. A circuit court is a court of record. The jury in the circuit court is of twelve instead of six persons. In justice's court a jury may be drawn from bystanders. A circuit court jury represents the county, is composed of freeholders of the vicinage. *Swart* v. *Kimball,* 43 Mich. 443. After a criminal case is appealed to the circuit court, it, alone, has jurisdiction. The case cannot get out of court except by the death of defendant or judicial action. We should not hold a case cognizable alone by a circuit court is at the same time cognizable by a justice of the peace.

Section 3, chap. 3, Act No. 175, Pub. Acts 1927, provides:

"In all criminal cases arising in the courts of this State whether cognizable by justices of the peace or otherwise, the defendant shall have the right to waive a determination of the facts by a jury and may, if he so elect, be tried before the court without a jury. Except in cases cognizable by a justice of the peace, such waiver and election by a defendant shall be in writing signed by the defendant and filed in such cause and made a part of the record thereof. * * *

"Such waiver of trial by jury must be made in open court after the said defendant has been arraigned and has had opportunity to consult with counsel."

Section 4, chap. 3, Act No. 175, Pub. Acts 1927, provides:

"In any case where a defendant waives his right to a trial by jury and elects to be tried by the judge of such court as provided in section three of this chapter any judge of the court in which said cause is pending shall have jurisdiction to proceed with the trial of said cause, and shall proceed to hear, try and determine such cause in accordance with the rules and in like manner as if such cause were being tried before a jury."

After appeal, a criminal case is within the jurisdiction of the circuit court. That court alone has cognizance, jurisdiction, power, and authority to hear, try, and dispose of it. Jurisdiction has been defined to be "the authority by which judicial officers take cognizance of and decide causes." 15 C. J. p. 724.

The three essential elements of jurisdiction are:

"(1) The court must have cognizance of the class of cases to which the one to be adjudged belongs; (2) the proper parties must be present; (3) the point decided must be, in substance and effect, within the issue." 15 C. J. p. 734; 2 Bouvier's Law Dictionary (Rawles 3d Rev.), p. 1760; *Reynolds* v. *Stockton,* 140 U. S. 254 (11 Sup. Ct. 773).

"Jurisdiction is defined to be the authority by which judicial officers take cognizance of and decide cases; power to hear and determine a cause; the right of a judge to pronounce a sentence of the law on a case or issue before him, acquired through due

process of law.   *   *   *   Jurisdiction, in order to be complete, must be of the process, the person and the subject-matter.'' *State* v. *Wakefield,* 60 Vt. 618 (15 Atl. 181).

''On an appeal from the judgment of a justice of the peace to a court of ordinary jurisdiction the case is tried *de novo,* and, unless otherwise provided, the right to a jury trial is determined according to the nature of the controversy as if the action had originated in that court.''   35 C. J. p. 196; Act No. 175, Pub. Acts 1927, chap. 8, § 8.

Where a criminal case is tried *de novo* on appeal, it is to be tried according to the rules and practice of the appellate court (*State* v. *Fort,* 164 Ala. 578 [51 South. 317]), and defendant's right of trial by jury as guaranteed to him by the Constitution is preserved to him.

''It makes no difference what the real issue is, so that the charge involves the commission of a crime for which he can be punished and made to pay the costs.'' *State* v. *Pasley,* 180 N. C. 695 (104 S. E. 533).

''It is the duty of courts to see that the constitutional rights of a defendant in a criminal case shall not be violated, however negligent he may be in raising the objection. It is in such cases, emphatically, that consent should not be allowed to give jurisdiction.'' *Hill* v. *People,* 16 Mich. 351.

The right of trial by jury in the circuit court on an appeal from conviction in justice's court, being a constitutional right which could not be waived prior to the enactment of Act No. 175, Pub. Acts 1927, it follows that it cannot be waived now except in strict accordance with the statute. *Pontiac & Lapeer Plank-Road Co.* v. *Hopkinson,* 69 Mich. 10.

" 'Cognizance' is a word of the largest import, embracing all power, authority, and jurisdiction." *Webster* v. *Commonwealth*, 59 Mass. 386.

The case in question on appeal was not a case cognizable by a justice of the peace. It was cognizable alone by the circuit court. That court alone had the power, authority, and jurisdiction to judicially hear, try, and determine the same.

Trial by a jury is a constitutional right. The statute provides how it may be waived, and it should be strictly construed and rigidly followed. Defendant did not waive a jury in writing, signed by him, as provided by statute. Not having waived trial by jury in the manner prescribed by the statute, he did not legally waive it at all. The trial court erred in a matter affecting defendant's constitutional rights. Judgment should be reversed and new trial granted.