## PEOPLE *v.* DEVINE.

1. CRIMINAL LAW—TRIAL—JURISDICTION—JUSTICES OF THE PEACE.
   Trial court, into which defendant was brought November 2d, and pleaded not guilty to accusation of being a disorderly person, trial and conviction had on November 8th, did not lose jurisdiction to pass sentence on November 15th on adjournment had to permit examination by psychopathic department and probation officer since the cause had been heard, tried and determined within 10-day period as required by statute for offenses cognizable by justices of the peace (3 Comp. Laws 1929, § 17433; Act No. 328, § 167, Pub. Acts 1931).

2. SAME—SENTENCE—JURISDICTION—HABEAS CORPUS.
   Statute requiring that persons charged with offense cognizable by justices of the peace be tried within 10 days from return of warrant where he refused to plead or pleaded not guilty is con-

strued as requiring that case be heard and determined within that time but to permit a reasonable deferment for passing of sentence, hence *habeas corpus* proceedings subsequently brought were properly dismissed as the court had not lost jurisdiction (3 Comp. Laws 1929, § 17433).

3. Jury—Waiver—Justices of the Peace.
    Defendant accused of offense cognizable by justice of the peace who was represented by counsel and went to trial before the court without objection and without any indication of desire for jury trial *held*, to have impliedly waived trial by jury, the statute as to waiver excepting offense herein from requirement that waiver be written (3 Comp. Laws 1929, §§ 17131, 17431).

4. Obscenity—Evidence—Public Place—Disorderly Persons.
    Defendant who indecently exposed his person on front porch of his city dwelling to 13-year old neighbor girl *held*, to have done so in a public place so as to constitute offense of being a disorderly person in a public place (Act No. 328, § 167, Pub. Acts 1931).

Appeal from Recorder's Court for the City of Detroit; Cotter (Thomas M.), J. Submitted April 11, 1935. (Docket No. 111, Calendar No. 38,298.) Decided May 17, 1935.

Clarence DeVine was convicted of being a disorderly person. Affirmed.

*George B. Murphy,* for appellant.

*Harry S. Toy,* Attorney General, and *Edmund E. Shepherd,* Assistant Attorney General, for the people.

North, J. Upon trial without jury in the recorder's court of the city of Detroit, Clarence DeVine was convicted of being a disorderly person. He has appealed, permission first having been granted. The complaint, in part, reads as follows:

"Clarence DeVine * * *, heretofore, to-wit, on or about the 30th day of September, A. D. 1934, at the

city of Detroit, in the county and State aforesaid, was then and there a disorderly person, contrary to the provisions of section 167, of the Michigan penal code for the year 1931 (Act No. 328), in this, to-wit, that he, the said Clarence DeVine was engaged in indecent and obscene conduct within the city of Detroit, to-wit, at 16199 Wark avenue.

The first assignment of error is that before passing sentence the trial court lost jurisdiction; and in consequence thereof defendant should have been released from custody on the *habeas corpus* hearing subsequently had in the recorder's court. Appellant relies upon 3 Comp. Laws 1929, § 17433, from which we quote:

"On the return of the warrant with the accused, if he shall plead not guilty or refuse to plead to the charge in the warrant, the said justice shall proceed to hear, try *and determine* the cause within ten days after the return of the same."

The statute contains certain exceptions which are not material in the instant case. Defendant was brought into court on the warrant November 2, 1934. He pleaded not guilty. Trial was had and defendant found guilty by the court November 8, 1934. Thereupon the court of its own motion deferred passing sentence until November 15, 1934, at which time defendant was sentenced to serve 90 days in the Detroit house of correction. The adjournment from the 8th to the 15th was for the purpose of referring the case to the psychopathic department and the probation officer of the recorder's court, each of which filed a report on or before the date defendant was sentenced. Defendant made no objection to this adjournment. He was released on his own recognizance during the adjournment period.

Appellant's contention is that the court having deferred passing sentence for more than 10 days after he pleaded not guilty lost jurisdiction. This contention cannot be sustained. Appellant was tried and convicted within the 10-day statutory period. The provision in the statute that the court shall "hear, try and determine the cause within ten days" applies only to the hearing and trying of the cause and the determination of the guilt or innocence of the accused. We know of no provision of law which forbids the trial court deferring passing of sentence for a reasonable time, such as may be fairly necessary to enable the court to determine what penalty, if any, should be imposed. Similar provisions have been embodied in the statutes of this State for many years; and on numerous occasions such provisions have been passed upon by this court. They have not been given the strict construction for which appellant now contends. *People* v. *Shufelt,* 61 Mich. 237; *People* v. *Hux,* 68 Mich. 477; *People* v. *Parsons,* 163 Mich. 329. Dismissal of the *habeas corpus* proceedings was proper.

On defendant's motion for a new trial he urged that he had been deprived of a jury trial and his constitutional right of due process of law thereby violated. In this connection it is pointed out in appellant's brief that the former statutory provision (3 Comp. Laws 1915, § 15774) was that in case "no jury be demanded by him (the accused), the said court shall proceed to try such issue;" but in its present amended form the statute reads (3 Comp. Laws 1929, § 17431):

"If the plea of the accused be not guilty, and he waive trial by jury the said court shall proceed to try such issue."

Because of the change in the wording of the statute, appellant contends there must be an *express waiver* of trial by jury, "made in writing, filed, or on the record at the time of, or before trial," citing *People* v. *Redman,* 250 Mich. 334, and *People* v. *Henderson,* 246 Mich. 481. The cited cases do not sustain appellant's contention. In the *Henderson Case,* which was a prosecution for a felony—not for a misdemeanor—the constitutionality of the statutory provision for waiver of trial by jury in criminal cases was unsuccessfully assailed. *People* v. *Redman, supra,* sustained as valid the oral waiver in court of trial by jury for an offense cognizable by a justice of the peace. The statutory provision (3 Comp. Laws 1929, § 17131) relative to the manner of waiving trial by jury in criminal cases expressly excepts those cases cognizable by a justice of the peace. The misdemeanor with which appellant was charged is within the statutory exception. He was represented by counsel; and by going to trial before the court without objection and without any indication of a desire for a jury trial in a misdemeanor case he must be held to have waived by implication trial by jury.

"In criminal cases where a jury trial may be waived it may be waived as in a civil case by failing to make a demand therefor and going to trial before the court without objection." 35 C. J. p. 211.

See, also, *State* v. *Graves,* 161 Minn. 422 (201 N. W. 933).

In support of this appeal it is also contended that the testimony does not establish defendant's guilt of the offense as defined by the statute and as set forth in the complaint and warrant in this case. The particular contention is that the defendant, as stated in his brief: "was accused of being a disorderly per-

son in a *public place,* whereas, the undisputed testimony showed that if any offense was committed, it was committed, not in a *public place,* but on defendant's own premises, on the front porch or veranda thereof. Accordingly, the proofs did not support the charge, and defendant is entitled to a new trial.''

This contention is without merit. The testimony is that defendant indecently exposed his person to a 13-year old neighbor girl who was accustomed ''to come back and forth over there'' to defendant's house; that the neighbor children often came over onto defendant's porch and that there are neighbors on both sides of defendant's house. Surely indecent exposure of one's person on the front porch of a city dwelling is not a thing done in the privacy of the home. Within the meaning of the statute, the act which constituted the offense of which appellant was convicted was, under the circumstances disclosed, done in a public place.

Review of this record discloses no reversible error. The judgment of the trial court is affirmed, and the case remanded for execution of sentence.

POTTER, C. J., and NELSON SHARPE, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.