## PEOPLE v. VEENSTRA.

1. WORDS AND PHRASES—CRIMES—TORTS.

A crime is an offense against the public pursued by the sovereign while a tort is a private injury which is pursued by the injured party, although the same act may constitute both a crime and a tort.

2. STATES—NAME OF SOVEREIGN.

"The People of the State of Michigan" is the proper designation and title and name of the sovereign of our State (Const 1908, preamble; art 7, § 22).

3. CRIMINAL LAW—PROSECUTION—ENTITLEMENT.

A prosecution for crime should be brought in the name of the people of the State of Michigan and such recital should be made in a prosecution on a complaint alleging that the offense was against the peace and dignity of the people of the State of Michigan (Const 1908, preamble; art 7, § 22).

4. SAME—SCOPE OF APPEAL TO CIRCUIT COURT.

The Supreme Court considers that the entire matters concerning an appeal from a justice's court were submitted to the circuit court in an alleged prosecution for violation of a township ordinance, where although attorney present for plaintiff claimed the matter being presented was the motion to quash, the attorney duly representing defendant proceeded with presentation of testimony, and the other attorney cross-examined the witnesses, the trial court undertook to quash the complaint and warrant, found the proceedings irregular and void and ordered defendant's discharge.

5. SAME—MOTION TO QUASH—DE NOVO.

The section of the code of criminal procedure requiring that a motion to quash shall not be granted unless made before trial does not forbid the circuit court from considering the case de novo (CL 1948, § 767.76).

6. SAME—TRIAL DE NOVO OF MISDEMEANOR CASE IN CIRCUIT COURT.

A misdemeanor case is tried de novo in the circuit court unless a local statute or court rule provides otherwise.

---

REFERENCES FOR POINTS IN HEADNOTES

[2] 39 Am Jur, Parties § 11.
[3–6] 31 Am Jur, Justices of the Peace § 125.
[8–10] 42 Am Jur, Prosecuting Attorneys § 10.

7. SAME—SCOPE OF REVIEW IN SUPREME COURT.

The Supreme Court does not try a criminal case anew but does determine whether or not the circuit court tried it properly and without error.

8. SAME—QUESTIONS REVIEWABLE—MOTION TO QUASH—UNAUTHORIZED ATTORNEY.

Whether or not circuit court on appeal had a right to consider a motion to quash that had theretofore been filed is not determined, where it is found an unauthorized attorney represented plaintiff in the criminal prosecution.

9. PROSECUTING ATTORNEY—UNAUTHORIZED ATTORNEY.

An attorney is not privileged to take upon himself merely at his own will, the functions of prosecutor of a crime in the name of the public and the public must be protected against unauthorized prosecutions.

10. CRIMINAL LAW—UNAUTHORIZED ATTORNEY.

It was reversible error for the trial court to permit an attorney who was neither a representative of the attorney general, the prosecuting attorney or an assistant prosecuting attorney, a specially designated attorney by the circuit judge nor a township corporation counsel to represent the plaintiff in a criminal prosecution for the violation of a township ordinance.

11. SAME—REMAND—PROSECUTING ATTORNEY.

The circuit judge is instructed to see to it that the prosecuting attorney is given an opportunity to participate in the proceedings in circuit court and that the case be then taken up for determination on remand of case in which an unauthorized attorney was permitted to represent plaintiff in a prosecution for the violation of a township ordinance.

Appeal from Kent; Brown (William B.), J. Submitted April 16, 1953. (Docket No. 64, Calendar No. 45,625.) Decided October 5, 1953.

Melvin H. Veenstra was charged with violating a township zoning ordinance. Case was quashed on appeal to the circuit court for county of Kent. Plaintiff appeals. Reversed and remanded for further proceedings.

*Irving H. Smith,* for plaintiff.

 *Samuel H. Himelstein,* for defendant.

REID, J. Upon leave granted, plaintiff appeals from an order of the circuit court, quashing and dismissing the complaint and warrant, declaring null and void the judgment and sentence of the justice of the peace appealed from herein and discharging the defendant from liability in said cause.

Defendant was complained of, before Earl H. Keyes, justice of the peace of Paris township, Kent county, Michigan, for a violation of a zoning ordinance of said township by the manner and place of construction of a garage owned by him. The complaint was signed by the building inspector, an administrative official of the township. For the construction of the garage defendant held an uncancelled license signed by the proper official of the township, but it was claimed on behalf of the prosecution that the terms of the license did not prescribe compliance with but on the contrary were inconsistent with the terms of the ordinance. The ordinance prescribed criminal penalties for violation. The complaint recited that defendant's violation of the ordinance was against the peace and dignity of the people of the State of Michigan.

Defendant was arrested on a warrant signed by the justice of the peace without the approval of the prosecuting attorney and without security for costs being furnished.

Defendant did not demand a jury trial in justice court, was tried by the justice without a jury, found guilty, was fined $75 and in addition sentenced to 30 days in the county jail. Defendant appealed to the circuit court and there moved to dismiss the proceedings and quash the complaint and warrant. Irving H. Smith, an attorney in private practice, and not prosecuting attorney nor assistant prosecuting attorney nor in any manner connected with the

attorney general's office, represented plaintiff in justice court, on the appeal in circuit court and on appeal in this Court.

Defendant questions the propriety of entitling the proceedings as in the name of the people of the State of Michigan as plaintiff.

"Although the same act may constitute both a crime and a tort, the crime is an offense against the public pursued by the sovereign, while the tort is a private injury which is pursued by the injured party." 14 Am Jur, p 755.

The preamble to the Constitution of the State of Michigan of 1908 recites that the people of the State of Michigan ordain and establish the Constitution.

"The style of all process shall be: 'In the Name of the People of the State of Michigan.'" Constitution 1908, art 7, § 22.

It is to be understood that both the preamble of the State Constitution and also the quoted section of the Constitution point out "The People of the State of Michigan" as the proper designation and the title and name of the sovereign of our State.

A prosecution for a crime should be brought in the name of the people of the State of Michigan. The complaint having alleged that the offense was against the peace and dignity of the people of the State of Michigan, the proceedings should properly recite the people of the State of Michigan as plaintiff. In so ruling, we do not determine the validity of the complaint or warrant.

When the appeal of defendant was before the circuit court for determination with Mr. Smith for plaintiff and Mr. Himelstein for defendant, in the midst of the taking of testimony of witnesses, the court asked whether it was the appeal or the motion to quash that was being presented to the court. Mr.

Smith claimed that the matter then being presented was the motion to quash. However, Mr. Himelstein proceeded with the presentation of testimony going beyond the limits of a motion to quash and Mr. Smith cross-examined the witnesses. We must consider that the entire matters concerning the appeal were submitted, not merely the motion to quash. The trial court did undertake to quash the complaint and warrant, but also found the proceedings irregular and void and ordered defendant's discharge.

Mr. Smith, assuming to act for plaintiff, claims that the order of the circuit court quashing the complaint and warrant, is void under CL 1948, § 767.76 (Stat Ann § 28.1016) which provides, among other things, that the motion to quash shall not be granted unless made before trial. There is nothing in said statute which forbade the circuit court to consider the case *de novo.* On appeal to the circuit court the misdemeanor case is there tried anew (unless a local statute or court rule shall otherwise provide). See *People* v. *Redman,* 250 Mich 334; *People* v. *Powers,* 272 Mich 303, 306, and many other Michigan citations. On appeal to this Court, we do not try the criminal case anew but determine whether it was properly and without error tried in circuit court. By our disposition of this appeal hereinafter stated, we are not ruling that the circuit court on appeal had no right to consider the motion to quash. The trial in the circuit court had not as yet begun when the motion to quash was filed, April 30, 1952. The motion to quash (and trial) was taken up, May 8, 1952.

The plaintiff has, by the State Constitution and by acts of the State legislature designated certain officers in certain cases to represent plaintiff, but has nowhere indicated that an attorney merely in private practice, who is not such designated officer nor prop-

erly appointed as such, may represent the plaintiff in any criminal case.

We are not in this case called upon to rule as to regularity of trial of an ordinance case with a regularly appointed and sworn corporation counsel provided for in a State approved charter, representing the prosecution in the name of the people of the State of Michigan of a violator of the ordinance.

The circuit court should have treated as wholly irregular the appearance of Mr. Smith as attorney for plaintiff, and required that the matter be disposed of only when a proper appearance for plaintiff had been entered. Mr. Vander Ploeg, assistant prosecuting attorney, was on the stand in the circuit court as a witness and reported that there had been no authorization by the prosecuting attorney for the instant prosecution, nor appearance by the prosecuting attorney therein; and that the prosecuting attorney was unable to be present in circuit court.

The statute, CL 1948, § 49.160 (Stat Ann § 5.758), provides:

"The Supreme Court and each of the circuit courts may whenever there shall be no prosecuting attorney for the county or when the prosecuting attorney shall be absent from the court, or unable to attend to his duties, if either of said courts shall deem it necessary, by an order to be entered in the minutes of such court, appoint some other attorney-at-law to perform, for the time being, the duties required by law to be performed in either of said courts by the prosecuting attorney, who shall thereupon be vested with all the powers of such prosecuting attorney for that purpose."

No such order was asked for or made, verbally or otherwise. Mr. Smith was assuming to act for plaintiff without any such appointment. The assistant prosecuting attorney was actually present in court; the prosecuting attorney was unable to be present

on that particular day on account of sore throat. The shown existing circumstances would not justify the making of any order appointing Mr. Smith to act for plaintiff. See *People* v. *Johnston,* 326 Mich 213 (syllabus 1). Mr. Smith does not claim that he was empowered by the township or any officer of the township, to prosecute this case in the name of the people of the State of Michigan nor does he advance any argument or make any showing that the township or officer of the township had any right or authority from the plaintiff so to empower him. An attorney is not privileged to take upon himself merely at his own will, the functions of prosecutor of a crime in the name of the public. The public must be protected against unauthorized prosecutions.

By permitting Mr. Smith to represent plaintiff in circuit court in the instant case, the trial court committed reversible error.

The order of the circuit judge appealed from is set aside because of the irregularity of the proceedings therein with Mr. Smith representing plaintiff. The case is remanded to the circuit court with instructions to see to it that the prosecuting attorney is given an opportunity to participate in the proceedings in circuit court and that the case is then taken up for determination.

We refuse to consider any other questions raised on this appeal for the reason that plaintiff was not properly represented in the submission of such questions in this Court.

An order will be entered herein in accordance with this opinion.

DETHMERS, C. J., and ADAMS, BUTZEL, CARR, BUSHNELL, and BOYLES, JJ., concurred with REID, J.

SHARPE, J., concurred in the result.