PEOPLE *v.* ULBRICK

1. CRIMINAL LAW—APPEAL AND ERROR.

   Claim that the prosecutor's comments were prejudicial was not properly preserved for appellate review when no objection was raised at the trial.

2. JURY—WAIVER—MINOR OFFENSES.

   Waiver of a jury trial need not be in writing where a defendant is charged with an offense cognizable by a justice of the peace and a defendant is deemed to have waived his right to a jury trial in such a case where he was represented by counsel and went to trial without any indication of a desire for trial by jury (MCLA § 763.3).

Appeal from Recorder's Court of Detroit, Traffic and Ordinance Division, Andrew C. Wood, J. Submitted Division 3 May 4, 1970, at Grand Rapids. (Docket No. 6,405.) Decided June 22, 1970.

Frank Anthony Ulbrick was convicted of reckless driving. Defendant appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error §§ 624–627.
[2] 47 Am Jur, Jury §§ 61–89.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Robert A. Reuther,* Assistant Prosecuting Attorney, for the people.

*Tauber & Garan,* for defendant.

Before: FITZGERALD, P. J., and J. H. GILLIS and O'HARA,* JJ.

O'HARA, J. On August 28, 1968, defendant was charged with reckless driving. MCLA § 257.626 (Stat Ann 1968 Rev § 9.2326). In October, 1968, he pled not guilty before a referee in the traffic and ordinance division of Detroit recorder's court. At trial, on October 9, 1968, defendant appeared with counsel and offered a plea of careless driving. The court, sitting without a jury, did not accept the plea, but rather chose to "hear the testimony and see how it develops."

The arresting officer then testified as to the details surrounding the alleged violation. Following the officer's testimony, the defendant was offered an opportunity to testify. He declined. The court then questioned the defendant about his age and criminal record and also about his desire to enlist in the armed services. Defendant's attorney also questioned the accused. In part, the colloquy went as follows:

"*Mr. Garon:* Outside your traffic record, you have never been in any difficulty.

"*The Defendant:* No.

---

* Former Supreme Court Justice, sitting on the Court of Appeals pursuant to Const 1963, art 6, § 23, as amended in 1968.

"*Mr. Garon:* Never been arrested or convicted for any crime in the state of Michigan, right?

"*The Defendant:* No, sir.

\*          \*          \*

"*Mr. Reuther* [*Assistant Prosecuting Attorney*]:

"*Your Honor.* I believe the record is incomplete. The officer states that he had this gentleman here about a month ago, is that correct?

"*The Court:* Well, a month ago for what? Something else?

"*The Officer:* Reckless driving. It was reduced to careless driving.

"*The Court:* I see that here. That was in May. Well, at any rate \* \* \* [*We*] [*f*]*ind you guilty.*" (Emphasis added.)

Defendant argues on appeal that the prosecutor's comments were prejudicial. However, defendant having failed to raise any objection at trial, the question has not been properly preserved for review. *People* v. *Dodson* (1967), 9 Mich App 123; *People* v. *Will* (1966), 3 Mich App 330; *People* v. *Camak* (1967), 5 Mich App 655.

Defendant also claims that he was wrongfully deprived of his right to trial by jury. However, defendant was here charged with an offense cognizable by a justice of the peace. MCLA § 774.1 (Stat Ann 1954 Rev § 28.1192). A waiver of jury trial in such a case need not be in writing. MCLA § 763.3 (Stat Ann 1954 Rev § 28.856); *People* v. *Redman* (1930), 250 Mich 334. The record reveals that defendant was represented by counsel and went to trial without any indication of a desire for trial by jury. Under these circumstances, the defendant is deemed to have waived his right to jury trial.

Affirmed.

All concurred.