## PEOPLE *v.* THOMPSON

CRIMINAL LAW—RIGHT TO JURY TRIAL—WAIVER.

> Defendant's waiver of his right to a jury trial was made knowingly where the record shows that the trial court expended considerable effort to explain to defendant the import of waiving a jury trial, that when all the defendant's questions had been answered, the defendant indicated orally to the court that he wished to waive this right, and that the defendant also signed a formal waiver which was fully explained to him by the trial court.

Appeal from Genesee, Anthony J. Mansour, J. Submitted Division 2 June 8, 1971, at Grand Rapids. (Docket No. 10102.)   Decided June 28, 1971.

McArthur Thompson was convicted of entering without breaking.   Defendant appeals.   Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief Assistant Prosecuting Attorney, for the people.

*William J. Hayes,* for defendant on appeal.

Before: R. B. BURNS, P. J., and FITZGERALD and J. H. GILLIS, JJ.

---

REFERENCE FOR POINTS IN HEADNOTE
47 Am Jur 2d, Jury § 72 *et seq.*

Per Curiam. Defendant was tried by the court and found guilty of entering without breaking, MCLA § 750.111 (Stat Ann 1971 Cum Supp § 28-.306). His appeal as of right raises two issues of alleged error.

The defendant contends that the waiver of his right to a jury trial was done unknowingly and as the result of coercion exerted upon him by his trial counsel. The record does not support this argument. *People* v. *Amos* (1968), 10 Mich App 533, 539. The trial court expended considerable effort to explain to the defendant the importance of waiving such a valuable constitutional right. Furthermore, in the end, when all defendant's questions were answered, the defendant indicated orally to the court that he wished to waive this right. He also signed a formal waiver which was fully explained to him by the trial court.

Defendant also alleges that the trial court held a *Walker*[1] hearing without affording his trial counsel adequate time to prepare. This, defendant argues, denied him the effective assistance of counsel. Again, the trial record does not substantiate this conclusion. *People* v. *Sullivan* (1969), 18 Mich App 1; *People* v. *Degraffenreid* (1969), 19 Mich App 702. Additionally, if any error was committed, it was not preserved for review. Barring some demonstration of manifest injustice, this Court will not consider alleged error when raised for the first time on appeal. *People* v. *Reynold* (1969), 20 Mich App 397; *People* v. *Surles* (1970), 29 Mich App 132.

Affirmed.

---

1 *People* v. *Walker* (On Rehearing, 1965), 374 Mich 331.—Reporter.