PEOPLE v HARRIS

1. CRIMINAL LAW—MISDEMEANORS—RIGHT TO JURY TRIAL—WAIVER.

A district court trying a misdemeanor offense which could result in up to six months imprisonment upon conviction must advise a defendant of his right to trial by jury and obtain a waiver of defendant's right to trial by jury before proceeding with a bench trial; failure to procure the requisite waiver constitutes reversible error (MCLA 763.3).

2. CRIMINAL LAW—INDIGENTS—RIGHT TO COUNSEL—MISDEMEANORS.

A defendant charged with a misdemeanor offense, conviction of which could subject him to imprisonment, has the right to appointment of counsel at trial if found to be indigent.

Appeal from Oakland, William John Beer, J. Submitted Division 2 December 13, 1972, at Lansing. (Docket No. 13513.) Decided February 23, 1973.

Michael F. Harris was convicted in district court of making obscene telephone calls. Defendant appealed to circuit court. Affirmed. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Thomas G. Plunkett,* Prosecuting Attorney, and *William G. Wolfram,* Assistant Prosecuting Attorney, for the people.

*John H. Murphy,* for defendant on appeal.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law § 234.

Before: FITZGERALD, P. J., and McGREGOR and TARGONSKI,* JJ.

McGREGOR, J. On June 30, 1970, defendant was tried before a district judge and convicted of making obscene phone calls, a violation of MCLA 750.540e; MSA 28.808(5). He was sentenced to serve six months imprisonment and fined $100.

Defendant first argues on appeal that the trial court erred in failing to advise defendant that he had a right to trial by jury, and in failing to secure a waiver of the right to trial by jury before commencing trial before the bench. MCLA 763.3; MSA 28.856 states in pertinent part:

"In all criminal cases arising ·in the courts of this state whether cognizable by justices of the peace or otherwise, the defendant shall have the right to waive a determination of the facts by a jury and may, if he so elect, be tried before the court without a jury. Except in cases cognizable by a justice of the peace, such waiver and election by a defendant shall be in writing signed by the defendant and filed in such cause and made a part of the record thereof. * * *

"Such waiver of trial by jury must be made in open court after the said defendant has been arraigned and has had opportunity to consult with counsel."

Since the enactment of MCLA 763.3; MSA 28.856, the justice of peace courts have been abolished in favor of a district court system. MCLA 600.9922; MSA 27A.9922 states that statutory references to the abolished justice of peace courts are to be deemed to refer to district courts where appropriate. We conclude that MCLA 763.3; MSA 28.856 requires a district court, trying a misdemeanor offense which could result in up to six months

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

imprisonment upon conviction, to advise a defendant of his right to trial by jury and to obtain a waiver of defendant's right to trial by jury, before proceeding with a bench trial. The trial court's failure to procure the requisite waiver in the instant case constitutes reversible error.

Defendant next argues that the trial court erred in failing to advise defendant that if he were unable to provide counsel for himself, counsel would be appointed for him at the state's expense. Due to reversal of this matter on other grounds, we make no determination as to whether an indigent's right to counsel in a misdemeanor offense is retroactive. However, on remand, if defendant is found to be indigent, and there is a new trial, defendant has the right to appointment of counsel at trial, even though he is charged only with a misdemeanor offense, conviction of which could subject him to imprisonment. *People v Studaker,* 387 Mich 698 (1972); *Argersinger v Hamlin,* 407 US 25; 92 S Ct 2006; 32 L Ed 2d 530 (1972).

Since defendant is represented by retained counsel on this appeal, we remand to the trial court for a determination as to whether the state should bear the reasonable expense of this appeal.

Reversed and remanded.

All concurred.