PEOPLE v EDWARDS

1. JURY—CRIMINAL LAW—STATUTES—WAIVER OF JURY TRIAL.

A right to jury trial cannot be waived by a defendant charged with a serious crime in the absence of a statute except by pleading guilty and such statutes allowing waiver are valid.

2. JURY—CRIMINAL LAW—WAIVER—JUSTICE OF THE PEACE.

Implied waiver of jury trial when a defendant pleads not guilty is allowed in cases involving crimes cognizable by a justice of the peace only.

3. JURY—CRIMINAL LAW—WAIVER—APPEAL AND ERROR.

Challenges to the validity of a jury waiver in a criminal case will be denied where written waivers have appeared in the record.

4. JURY—CRIMINAL LAW—WAIVER—APPEAL AND ERROR—FAILURE TO OBJECT—CONSTITUTIONAL LAW.

A defendant's failure in a criminal trial to object to a nonjury trial, while indicating assent to jury waiver, does not foreclose review where a constitutional right is likely to have been infringed.

5. JURY—CRIMINAL LAW—WAIVER OF JURY TRIAL—SILENT RECORD.

A waiver of the right to a jury trial in a criminal case will not be presumed from a silent record (MCLA 763.3).

Appeal from Oakland, Farrell E. Roberts, J. Submitted Division 2 November 13, 1973, at Lansing. (Docket No. 15872.) Decided January 22, 1974.

Robert Lee Edwards was convicted of larceny from the person. Defendant appeals. Reversed and remanded for new trial.

*Frank J. Kelley,* Attorney General, *Robert A.*

REFERENCE FOR POINTS IN HEADNOTES
[1–5] 47 Am Jur 2d, Jury §§ 61–89.

*Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, and *Robert C. Williams,* Appellate Counsel, for the people.

*Lynn V. Hooe, Jr.,* for defendant.

Before: QUINN, P. J., and HOLBROOK and PETER-SON,* JJ.

PER CURIAM. In September 1972 defendant was tried without a jury and found guilty of larceny from the person. MCLA 750.357; MSA 28.589. On October 16, 1972, defendant was sentenced to serve five to ten years in state prison.

On appeal defendant asserts that he did not waive his right to jury trial as required by statute which mandates the ordering of a new trial.

The statute provides that defendant has the right to a nonjury trial. MCLA 763.3; MSA 28.856. The statute is explicit and mandatory.

"Except in cases cognizable by a justice of the peace, such waiver and election by a defendant shall be in writing signed by the defendant and filed in such cause and made a part of the record thereof."

Nowhere in the record does any written waiver appear, or any transcript of an oral waiver before or at trial. The nonjury trial proceeded without mention of waiver or objection by defendant.

In the absence of statute one charged with a serious crime cannot waive a right to jury trial except by pleading guilty. *People v Henderson,* 246 Mich 481; 224 NW 628 (1929). Such statutes allowing waiver are valid. *Henderson, supra.*

The only decisions allowing an implied waiver of jury trial when pleading not guilty are cases in-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

volving crimes "cognizable by a justice of the peace". *People v Weeks,* 99 Mich 86; 57 NW 1091 (1894); *People v Redman,* 250 Mich 334; 230 NW 196 (1930); *People v DeVine,* 271 Mich 635; 261 NW 101 (1935); *People v Ulbrick,* 24 Mich App 437; 180 NW2d 287 (1970). *Contra, Ward v People,* 30 Mich 116 (1874). Challenges to the validity of jury waivers have been denied where written waivers have appeared in the record. *People v Amos,* 10 Mich App 533; 159 NW2d 855 (1968); *People v Thompson,* 34 Mich App 665; 192 NW2d 8 (1971). We have failed to find a case where a jury waiver was absent from the record and defendant was convicted at a nonjury trial. Thus, this issue is one of first impression in this state.

Defendant's failure to object to the nonjury trial, while indicating assent to jury waiver, does not preclude review. Failure to object does not foreclose review where a constitutional right is likely to have been infringed. *People v Thomas,* 44 Mich App 649; 205 NW2d 604 (1973); *People v Degraffenreid,* 19 Mich App 702; 173 NW2d 317 (1969).

A waiver of the right to jury trial will not be presumed from a silent record. *Boykin v Alabama,* 395 US 238, 242–243; 89 S Ct 1709, 1712; 23 L Ed 2d 274, 279 (1969); *People v Jaworski,* 387 Mich 21, 28; 194 NW2d 868, 871 (1972). This rule of constitutional law together with the clear mandatory wording of the waiver of jury statute compels reversal in the instant case.

Reversed and remanded for new trial.