PEOPLE v MASONIS

1. JURY—TRIAL BY JURY—WAIVER—IMPLIED WAIVER—MISDEMEANORS
   —LACK OF OBJECTION.

   Waiver of a defendant's right to a trial by jury is implied in trials
   for offenses which can result in a maximum of three months
   imprisonment and/or a maximum fine of $100, where the
   defendant proceeds to trial without objection and without any
   indication of a desire for a jury trial.

2. CONSTITUTIONAL LAW—RIGHT TO COUNSEL—COURT RULES—LAW
   STUDENTS—APPEAL AND ERROR.

   The court rules authorize legal representation under certain
   conditions by law students after their first year in law school,
   and where those conditions are complied with and where
   counsel has informed the defendant of his student status there
   is no failure to provide counsel or violation of the assistance of
   counsel standards.

3. CONTINUANCE—DISCRETION—ABUSE OF DISCRETION—APPEAL AND
   ERROR.

   The granting or denial of a continuance lies within the trial
   court's discretion, and absent an abuse of this discretion a trial
   court's decision will not be overturned.

Appeal from Recorder's Court of Detroit, George
T. Ryan, J. Submitted Division 1 January 16, 1975,
at Detroit. (Docket No. 19831.) Decided February
13, 1975.

Norman T. Masonis was convicted of driving

REFERENCES FOR POINTS IN HEADNOTES
[1] 47 Am Jur 2d, Jury § 61 et seq.
   76 Am Jur 2d, Trial §§ 1238–1240.
[2] 7 Am Jur 2d, Attorneys at Law § 8 et seq.
   75 Am Jur 2d, Trial §§ 189, 190.
   Power of legislature respecting admission to bar. 144 ALR 150.
[3] 17 Am Jur 2d, Continuance §§ 3, 4.

while under the influence of intoxicating liquor. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training and Appeals, and *William A. House,* Assistant Prosecuting Attorney, for the people.

*Bruce R. Saperstein,* for defendant on appeal.

Before: R. B. BURNS, P. J., and BRONSON and M. F. CAVANAGH, JJ.

M. F. CAVANAGH, J. Defendant appeals from his conviction in Detroit Recorder's Court, Traffic and Ordinance Division, of the offense of driving a motor vehicle while under the influence of intoxicating liquor contrary to MCLA 257.625; MSA 9.2325. The defendant was sentenced to pay a $100 fine or to serve a term of 30 days in the Detroit House of Correction, to pay $200 costs, was placed on probation for six months, no driving, and required to attend the highway safety program and to report as directed.

Defendant assigns as error the invalidity of his waiver of a jury trial, the trial court's failure to specifically advise him that he was being represented by a student attorney, and the trial court's denial of defense counsel's motion for adjournment in order that a medical witness might be presented.

MCLA 763.3; MSA 28.856 gives defendants in criminal cases the right to waive a jury trial. "Except in cases cognizable by a justice of the peace", this waiver must be in writing, signed by the defendant, filed in the cause, and made a part

of the record. Under MCLA 774.1; MSA 28.1192, an offense punishable by a maximum fine of $100 and/or a maximum sentence of three months imprisonment is cognizable by a justice of the peace. The penalty for "DUIL" falls within this structure. MCLA 257.625(b); MSA 9.2325(2). MCLA 600.9922; MSA 27A.9922 states that statutory references to the abolished justice of the peace courts are deemed to refer to the district court, unless the context otherwise indicates. Thus, a written waiver of jury trial was not statutorily compelled. See *People v Ulbrick,* 24 Mich App 437; 180 NW2d 287 (1970).

A number of cases have held that in cases cognizable by a justice of the peace a waiver of the right to jury trial may be implied. *People v Weeks,* 99 Mich 86; 57 NW 1091 (1894); *People v Redman,* 250 Mich 334; 230 NW 196 (1930); *People v DeVine,* 271 Mich 635; 261 NW 101 (1935); *People v Ulbrick,* 24 Mich App 437; 180 NW2d 287 (1970). See also *People v Edwards,* 51 Mich App 403; 214 NW2d 909 (1974).

In *Weeks,* the waiver was upheld where the trial court asked the defendant if he desired a jury, and he replied that the court could do as it chose. The prosecutor stated he did not desire a jury, and a bench trial was held. In *Redman,* the defendant was charged with the same offense involved in the present case. At the beginning of the trial defendant through his attorney expressly waived his right to a jury trial. Since there was no requirement that the waiver be in writing, it was upheld.

The implied waiver theory was extended in *People v DeVine, supra,* which held that where defendant was represented by counsel, "by going to trial without objection and without any indication of a desire for a jury trial in a misdemeanor case

he must be held to have waived by implication trial by jury". 271 Mich 639; 261 NW 102. Likewise, in *People v Ulbrick, supra,* the waiver was upheld where the defendant was represented by counsel and failed to indicate a desire for a jury trial.

These cases support a conclusion that the waiver by defendant in the present case was effective. However, doubt has been injected by the recent case of *People v Harris,* 45 Mich App 217; 206 NW2d 478 (1973). In that case, this court held that in misdemeanor offenses which could result in six months' imprisonment, the trial court was required to advise the defendant of his right to trial by jury and to obtain a written waiver of this right before proceeding with a bench trial. The Court in *Harris* took note of the fact that MCLA 763.3; MSA 28.856 did not require a written waiver in cases cognizable by justices of the peace and that statutory references to these courts are now deemed to refer to district courts. The Court, however, failed to indicate that the offense involved, making obscene telephone calls, would not have been cognizable by a justice of the peace since the punishment authorized exceeds that over which that court could have had jurisdiction under MCLA 774.1; MSA 28.1192. Thus the trial court in *Harris* committed error by failing to elicit a written waiver.

On these grounds, we distinguish *Harris* and hold that in trials for offenses which can result in a maximum of three months' imprisonment and/or a maximum fine of $100, waiver of defendant's right to a trial by jury is implied where the defendant proceeds to trial without objection and without any indication of a desire for a jury trial.

Defendant's next assignment of error is that the

trial court failed to advise him that he was being represented by a student attorney. At the beginning of the trial, defendant's counsel expressly introduced himself as a student attorney. GCR 1963, 921 authorizes legal representation under certain conditions by law students after their first year in law school. It does not appear that any of the conditions of this court rule were violated. Neither did defendant's representation violate the assistance of counsel standards of *People v Degraffenreid,* 19 Mich App 702; 173 NW2d 317 (1969).

Defendant argues finally that the trial court erred reversibly in refusing to adjourn so as to enable the defendant to call a medical witness who could testify as to the defendant's condition. The granting or denial of a continuance lies within the trial court's discretion, and absent an abuse of this discretion the decision will not be overturned. *People v Carter,* 54 Mich App 69; 220 NW2d 330 (1974). GCR 1963, 503.2 authorizes a continuance because of the unavailability of a witness "only if the court finds that the evidence is material and that diligent efforts have been made to secure the witness or evidence". Even assuming that the physician's testimony would have assisted the defendant's case, there was no showing of a diligent effort to secure the physician's attendance. We find no clear abuse of the trial court's discretion.

Affirmed.