PEOPLE v HARRIS

CRIMINAL LAW—INDICTMENT—PRELIMINARY EXAMINATION—FELONIES.
A defendant indicted by a citizens' grand jury on a felony charge, who originally asserted his right to preliminary examination prior to his trial, reasserted his demand via a motion to dismiss at the close of the evidence, and presented the same issue on appeal, must be afforded a preliminary examination.

Appeal from Genesee, Thomas C. Yeotis, J. Submitted Division 2 December 14, 1972, at Lansing. (Docket No. 13647.) Decided June 26, 1973.

Charles Harris was convicted, on indictment, of selling heroin without a license. Defendant appeals. Reversed and remanded for preliminary examination and further proceedings.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief, Appellate Division, for the people.

*David A. Goldstein,* Assistant State Appellate Defender, for defendant.

Before: FITZGERALD, P. J., and McGREGOR and TARGONSKI,* JJ.

TARGONSKI, J. This is an appeal as of right from defendant's jury conviction for selling heroin with-

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 440–451.

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

out a license, MCLA 335.152; MSA 18.1122, and from a sentence of 20 to 25 years imprisonment imposed pursuant to said conviction.

A Genesee County citizens' grand jury on January 29, 1971, handed down a two-count indictment charging defendant in Count 1 with illegal sale of narcotics contrary to MCLA 335.152; MSA 18.1122 and in Count 2 with unlawful possession of narcotics in contravention of MCLA 335.153; MSA 18.1123. A warrant for the defendant's arrest was issued on the same date and a return on the arrest warrant was made on January 30, 1971. At defendant's arraignment on February 8, 1971, the true bill was read, defendant stood mute, and a plea of not guilty was entered. Defendant was held for later trial.

At the trial date on October 19, 1971, objection was made to the absence of a preliminary examination subsequent to defendant's grand jury indictment. The trial judge described himself as disturbed by the lack of a right to preliminary examination subsequent to indictment but rejected defendant's argument based upon the clear Michigan authority contravening defendant's position.

Nine allegations of error are made by the defendant on appeal. One of those nine reasons is the court's denial of a right to preliminary examination subsequent to grand jury indictment. We will proceed through an analysis of the defendant's contention on this score.

The defendant, prior to trial, originally asserted his right to a preliminary examination, reasserted his demand via a motion to dismiss at the close of the evidence, and now presents the same issue on appeal. Defendant's closing arguments in his appellate brief on this point have been vindicated by the recent Michigan Supreme Court cases deciding

the combined appeals of *People v Duncan, People v Harris,* and *People v Brown,* 388 Mich 489 (1972).

In deciding that a defendant indicted by a citizens' grand jury must be afforded a preliminary examination, the Court stated:

"There may well be serious questions of equal protection and due process involved in the present Michigan procedure, as counsel in these cases ably argue, since it denies to an accused indicted by a multiple-man grand jury what has become recognized as a fundamental right in most criminal cases—the right to a preliminary examination. Rather than attempting to rule on an issue of constitutional rights in these cases, we believe the better course is to exercise the inherent power of this Court to deal with the situation as a matter of criminal procedure, as was done in *People v Bellanca, supra* [386 Mich 708 (1972)]. We hold that in each case, and in all pending cases in which the right to a preliminary examination was asserted prior to trial and is presently being asserted, such right shall be accorded to the defendant. In all future cases wherein a defendant is accused of a felony, the right to a preliminary examination shall exist." *People v Duncan, supra,* at p 502.

The instant case clearly falls within the literal *Duncan* language. Accordingly we reverse and remand for preliminary examination and such other procedure as shall be properly required by the outcome of such examination.

In light of our conclusion on this claim of right to preliminary examination we do not consider any of the other points raised on appeal deeming the same unnecessary to the jurisprudence of this state.

Reversed and remanded.

All concurred.