PEOPLE v LAZAROFF

PEOPLE v HANDS

1. CRIMINAL LAW—ADJOURNMENT—DISCRETION—APPEAL AND ERROR.

Adjournment of a criminal case is permitted for good cause shown, the grant or denial of a requested adjournment is discretionary, and abuse of discretion must be shown for appellate relief (MCLA 768.2).

2. INDICTMENT AND INFORMATION—FORMS—BILL OF PARTICULARS—DEMAND—STATUTES.

The provision that the prosecuting attorney, if seasonably requested by the respondent, shall furnish a bill of particulars setting up specifically the nature of the offense charged, contained at the end of the statutory section on short forms of indictment, is not mandatory where the indictment was in the common-law long form and it sufficiently advised the defendants of the offense charged against them (MCLA 767.44).

3. INDICTMENT AND INFORMATION—FORMS—BILL OF PARTICULARS—DEMAND—ADJOURNMENT—DISCRETION—STATUTES.

The fact that a prosecuting attorney did not comply with defendants' statutory request for a bill of particulars did not constitute "good cause shown" for a requested adjournment where the indictment was in the common-law long form and it sufficiently advised defendants of the offense charged against them, and it was not an abuse of discretion for the trial court to deny the adjournment (MCLA 767.44, 768.2).

4. INDICTMENT AND INFORMATION—GRAND JURY—WITNESSES—TRANSCRIPTS—DISCLOSURE—PRETRIAL DISCOVERY—STATUTES.

A trial judge's denial of defendants' motion to obtain grand jury

REFERENCES FOR POINTS IN HEADNOTES

[1] 53 Am Jur, Trial §§ 15, 16.

[2, 3] 41 Am Jur 2d, Indictments and Informations §§ 162, 166–169, 299.

Right of accused to bill of particulars. 5 ALR2d 444.

[4] 21 Am Jur 2d, Criminal Law § 331.

23 Am Jur 2d, Depositions and Discovery § 33.

[5, 6] 16 Am Jur 2d, Constitutional Law §§ 414, 415.

50 Am Jur, Statutes §§ 60, 475.

minutes of the testimony of witnesses to be presented against them was not error where based on a statute then in effect which provided, with exceptions not applicable, that the testimony of any witness before the grand jury shall not be made available to any person indicted by such grand jury prior to the time of trial of the indictment (MCLA 767.19g).

5. INDICTMENT AND INFORMATION—GRAND JURY—WITNESSES—TRANSCRIPTS—DISCLOSURE—PRETRIAL DISCOVERY—COURT RULE—RETROACTIVE APPLICATION.

The court rule providing that a person indicted by a grand jury shall be entitled to such part of the record including a transcript of such part of the testimony of all witnesses appearing before the grand jury as touches on the guilt or innocence of the accused of the charge contained in the indictment and case law dealing with the subject do not provide for retroactive application (GCR 1963, 787).

6. INDICTMENT AND INFORMATION—GRAND JURY—RIGHT OF PRELIMINARY EXAMINATION—RETROACTIVE APPLICATION.

A Supreme Court holding that a defendant has a right to preliminary examination following indictment by a grand jury is not retroactive, and has no application to a case which was tried approximately 11 months before the decision.

Appeals from Jackson, Gordon W. Britten, J. Submitted Division 2 May 10, 1973, at Lansing. (Docket Nos. 13397-13399.) Decided August 24, 1973.

Andrew J. Lazaroff, Martin R. Hands and Martin W. Hands were convicted of conspiracy to collect off-track bets. Defendants appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Bruce A. Barton,* Prosecuting Attorney, and *Richard A. Cooley, Jr.,* and *Thomas J. Fleischmann,* Assistants Prosecuting Attorney, for the people.

*Domke, Marcoux, Allen & Beaman* (by *Jerome A. Susskind),* for defendants on appeal.

Before: Quinn, P. J., and Bronson and O'Hara,*
JJ.

Per Curiam. December 1, 1971, a jury convicted
defendants of conspiracy to collect off-track bets in
violation of MCLA 750.157a; MSA 28.354(1) and
MCLA 750.301; MSA 28.533. They were sentenced
and they appeal.

The first issue raised relates to defendants' stat-
utory right to waive a jury trial. MCLA 763.3;
MSA 28.856 provides for waiver of jury trial and
the manner of accomplishing it. The record dis-
closes that the statutory method for obtaining the
waiver was not followed, and we find that the
issue is not properly before this Court.

The second issue relates to jury instructions.
Defendants did not object to the instructions given
and the issue is not preserved for appeal, GCR
1963, 516.2, nor does the record demonstrate the
manifest injustice which sometimes causes an ap-
pellate court to overlook the rule.

The third issue also relates to instructions. The
instruction complained of is substantially identical
to the instruction requested by defendants, and it
is not an erroneous instruction. No error is shown.

Defendants state their fourth issue as follows:
"Was it error for the court to deny defendants'
motion for adjournment when the prosecutor
failed to comply with the requested bill of particu-
lars?"

Adjournment of a criminal case is permitted
"for good cause shown", MCLA 768.2; MSA
28.1025. The grant or denial of a requested ad-
journment is discretionary, and abuse of discretion
must be shown for appellate relief. If this record

---

* Former Supreme Court Justice, sitting on the Court of Appeals by
assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

discloses that defendants showed good cause for the requested adjournment, its denial would constitute an abuse of discretion.

The provision for a bill of particulars is contained in a proviso at the end of the statutory section on short forms of indictment, MCLA 767.44; MSA 28.984. In this case, the indictment was in the common-law long form and it sufficiently advised defendants of the offense charged against them. In such a situation, the provision relative to bills of particulars is not mandatory, *People v O'Hara,* 278 Mich 281; 270 NW 298 (1936). The fact that the prosecuting attorney did not comply with the request for a bill of particulars did not constitute "good cause shown" for the requested adjournment and it was not an abuse of discretion to deny it.

We find no merit in the defendants' contention that statements of the prosecutor in closing argument deprived defendants of a fair trial.

In a supplemental brief, defendants raise two additional issues. Prior to trial, defendants moved to obtain the grand jury minutes of the testimony of witnesses to be presented against them. The trial judge followed the statute then in effect, MCLA 767.19g; MSA 28.959(7), and denied the motion. This was not error, and trial counsel conceded at the opening of the trial that the ruling was correct. Neither *People v Bellanca,* 386 Mich 708; 194 NW2d 863 (1972), nor GCR 1963, 787 (effective March 3, 1972) provide for retroactive application.

While the record does not clearly substantiate defendants' claim that they demanded preliminary examination following indictment by a grand jury, we accept the claim as true to decide the error that defendants say occurred by denial of the

demand. Prior to *People v Duncan,* 388 Mich 489; 201 NW2d 629 (1972), there was no right to a preliminary examination following indictment by a grand jury, *Duncan* at 499; 201 NW2d at 633. If the holding of *Duncan* is legally sustainable, it has no application to this case which was tried approximately 11 months prior to *Duncan.* The Court said in *Duncan,* "We hold that in each case, and in all pending cases in which the right to a preliminary examination was asserted prior to trial and is presently being asserted, such right shall be accorded to the defendant. In all future cases wherein a defendant is accused of a felony, the right to a preliminary examination shall exist." We do not read this language as requiring application of *Duncan* to a case tried before *Duncan.*

Affirmed.