PEOPLE v BARBARA

PEOPLE v WEINBAUM

1. CRIMINAL LAW—GRAND JURY—INDICTMENT AND INFORMATION—RE-
   CORDER'S COURT—PRELIMINARY EXAMINATION.

   A felony defendant charged by grand jury indictment with an of-
   fense triable in recorder's court is entitled to a preliminary exam-
   ination.

2. CRIMINAL LAW—GRAND JURY—INDICTMENT AND INFORMATION—PRE-
   LIMINARY EXAMINATION—RECORDER'S COURT.

   A defendant charged by grand jury indictment with an offense pun-
   ishable by not more than one year imprisonment is entitled to a
   preliminary examination in recorder's court.

3. CRIMINAL LAW—CONSPIRACY—SOLICITATION OF PERSONAL INJURY
   CLAIMS.

   The conspiracy statute elevates the penalty for the offense of solici-
   tation of personal injury claims, a misdemeanor punishable by up
   to six months imprisonment in the county jail and/or a fine not to
   exceed $500, to a maximum of one year's imprisonment and a fine
   of $1,000, or both (MCLA 750.157a, 750.410).

4. CRIMINAL LAW—FELONIES—RECORDER'S COURT—PRELIMINARY EX-
   AMINATION.

   A felony defendant charged with an offense triable in recorder's
   court comes within the rule of a decision of the Michigan Su-
   preme Court on October 31, 1972 that in *all* future cases wherein
   a defendant is accused of a felony, the right to a preliminary
   examination shall exist.

5. CRIMINAL LAW—RECORDER'S COURT—JURISDICTION—INDICTMENT
   AND INFORMATION—PRELIMINARY EXAMINATION.

   A statute provides that except as provided in the preceding section,
   prosecutions in the recorder's court for crimes, *misdemeanors,*

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 4–7] 21 Am Jur 2d, Criminal Law §§ 442–451.
   Defendant's plea to indictment or information as waiver of lack of
   preliminary examination, 116 ALR 550.
[3] 21 Am Jur 2d, Criminal Law §§ 113, 114.

and offenses arising under the laws of this state, and within the jurisdiction of said court, shall be by information as provided for in chapter 261 of the Compiled Laws of 1871 and the "preceding section" provides that indictments presented by grand jury to the Wayne Circuit Court for offenses committed in Detroit shall be transmitted to recorder's court; it thus confers jurisdiction on recorder's court for offenses prosecuted by grand jury indictment and does not speak on procedural matters such as preliminary examinations (MCLA 726.12–726.13).

6. CRIMINAL LAW—STATUTES—RECORDER'S COURT—INDICTMENT AND INFORMATION—PRELIMINARY EXAMINATION.

Since, by statutes, a preliminary examination is a condition precedent to prosecution by information in recorder's court, a preliminary examination must be required for defendants prosecuted by indictment as well for them to be treated in a like manner (MCLA 726.13, 767.42).

7. CRIMINAL LAW—CONSPIRACY—SOLICITATION OF PERSONAL INJURY CLAIMS—HIGH MISDEMEANORS—PRELIMINARY EXAMINATION— RECORDER'S COURT—DISTRICT COURTS—MUNICIPAL COURTS.

Conspiracy to solicit personal injury claims, a one-year misdemeanor, is a "high misdemeanor"; therefore, the right to a preliminary examination in recorder's court attaches because the Michigan Supreme Court decided that recorder's court was to be treated differently from district courts in respect to the right to a preliminary examination and made a reasoned choice *not* to abolish the right to a preliminary examination for "high misdemeanor" cases in recorder's court by approving amendments to a recorder's court rule which provided, *inter alia,* that the misdemeanor docket shall consist of all offenses and other offenses cognizable by a district judge and because another recorder's court rule provides, in pertinent part, that the examining magistrate *shall conduct all preliminary examinations* and all arraignments *on* felony and *high misdemeanor warrants* by the Supreme Court rejecting an amendment to the latter rule which would have provided that "[t]here shall not be a preliminary examination in any case that can be tried in a district court"; the procedures in district, municipal, and other courts are governed by different legislation and rules of law (Recorder's Court Rules 7–8).

Appeal from order of Court of Appeals, Division 1, Bashara, P. J., and V. J. Brennan and O'Hara, JJ., affirming and remanding Recorder's Court of Detroit, Joseph A. Gillis, J. Submitted September 6,

1973. (No. 14 September Term 1973, Docket No. 54,-984.) Decided November 21, 1973. Submitted on rehearing January 22, 1974. Opinion filed February 19, 1974.

Peter R. Barbara, Robert Weinbaum and others were indicted by a grand jury for conspiring to solicit personal injury claims. Defendant Barbara's motion for preliminary examination denied as to all defendants. Defendants appealed to the Court of Appeals. Affirmed. Defendants appealed. Reversed and remanded for a preliminary examination. Rehearing granted. Reversed and remanded for further proceedings.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, and *John J. Bianco,* Assistant Prosecuting Attorney, for the people.

*Harrison, Friedman & Roberson,* for defendant Peter R. Barbara.

*Norman L. Lippitt,* for defendant Robert Weinbaum.

*James R. Andary,* for defendants James Beasley and Robert Marshall.

*Ivan E. Barris and* George G. Newman, for defendants Charles V. Fellrath and Noel P. Keane.

Amicus Curiae: *Alfonso L. Harper,* Judicial Assistant of the Recorder's Court of Detroit.

## ON REHEARING

WILLIAMS, J. On reconsideration, after granting rehearing on the briefs, we withdraw our previous

opinion, dated November 21, 1973, and substitute the following opinion.

There are two issues in this case. First, is a felony defendant charged by grand jury indictment with an offense triable in recorder's court entitled to a preliminary examination? Second, is a defendant charged by grand jury indictment with an offense punishable by not more than one year imprisonment entitled to a preliminary examination in recorder's court? We answer both questions in the affirmative.

## I —FACTS AND PROCEEDINGS

Barbara, Weinbaum, and four other defendants who have joined in this appeal, were indicted by a Wayne County citizens' grand jury for conspiring in Detroit to solicit personal injury claims. MCLA 750.410; MSA 28.642; MCLA 750.157a; MSA 28.354(1). The conspiracy statute elevates the penalty for the offense in furtherance of which the alleged conspiracy was directed—here, solicitation of personal injury claims, a misdemeanor punishable by up to six months imprisonment in the county jail and/or fine not to exceed $500—to a maximum of one year's imprisonment and fine of $1,000, or both. MCLA 750.157a(c); MSA 28.354(1)(c).

After arraignment on these charges, the case was assigned on April 18, 1973, to a recorder's court magistrate for examination. At that time, the magistrate ordered, over defense objections, that the preliminary examinations be held the following morning. Defendants filed complaint for superintending control in Wayne County Circuit Court, seeking an adjournment of the preliminary examinations pending delivery of the grand jury transcript to the defendants. The requested stay was granted by a circuit judge. Then, however, the re-

corder's court examining magistrate entered an order on April 20, 1973, stating that the defendants had no right to a preliminary examination, and setting a trial date for April 30, 1973. The magistrate formally denied the defendants' motion for preliminary examination by order of April 30, 1973.

Defendants appealed to the Court of Appeals which by order filed June 4, 1973, affirmed the denial of preliminary examination, "for the reason that under the authority of *People v Duncan,* 388 Mich 489 [201 NW2d 629] (1972), the right to a preliminary examination from a grand jury indictment extends only to those accused of a felony." In our November 21, 1973, decision this Court reversed and held that the defendants were entitled to a preliminary examination. The case is before us again upon grant of rehearing on the briefs.

## II —PRELIMINARY EXAMINATION & GRAND JURY INDICTMENT FOR FELONY

We find that a felony defendant charged with an offense triable in recorder's court comes within the rule of *People v Duncan,* 388 Mich 489, 502; 201 NW2d 629, 635 (1972), which held that: "In *all* future cases wherein a defendant is accused of a felony, the right to a preliminary examination shall exist." (Emphasis added.)

In the three cases consolidated in *Duncan,* the defendants were indicted by citizens' grand jury, as in the instant case. Justice ADAMS reasoned in his majority opinion that this Court had inherent power to deal with the preliminary examination issue "as a matter of criminal procedure" 388 Mich 489, 502; 201 NW2d 629, 635 and ruled that defendants charged with a felony prosecuted by grand jury indictment should be entitled to the same right to preliminary examination as exists for defendants to

be charged by information. The Court concluded by prospectively establishing the right to a preliminary examination in *"all* future cases" charging felonies.

## III —PRELIMINARY EXAMINATION & INDICTMENT FOR ONE YEAR OFFENSE

The one year misdemeanor offense with which the defendants are charged, conspiracy to solicit personal injury claims, occurred, according to the citizens' grand jury indictment, in the City of Detroit at a named address from on or about December, 1971, to on or about February, 1973.

The recorder's court act provides:

"Except as provided in the preceding section, prosecutions in the recorder's court for crimes, *misdemeanors,* and offenses arising under the laws of this state, and within the jurisdiction of said court, shall be by information as provided for in chapter 261 of the Compiled Laws of 1871 * * * ." (Emphasis added.) MCLA 726.13; MSA 27.3563.

The "preceding section" (MCLA 726.12; MSA 27.3562) of the recorder's court act provides that indictments presented by a grand jury to the Wayne Circuit Court for offenses committed in Detroit shall be transmitted to recorder's court; it thus confers jurisdiction on recorder's court for offenses prosecuted by grand jury indictment and does not speak of procedural matters such as preliminary examinations.[1]

---

[1] MCLA 726.12; MSA 27.3562 provides:

"Sec. 12. All indictments for offenses committed within the limits of the city of Detroit, which may be found and presented to the circuit court for the county of Wayne, by the grand jury of said county, shall be forthwith certified and transmitted by the clerk of said circuit court to said recorder's court, and thereupon said recorder's court shall have as full and complete jurisdiction of said indictments as if the same had been originally presented to said recorder's court, and shall have full power to take all further proceedings thereon."

The Compiled Laws of 1871, ch 261, referenced in MCLA 726.13; MSA 27.3563, quoted above, provides in pertinent part:

"(7937.) SECTION 1. *The People of the State of Michigan enact,* That the several courts of this State shall possess and may exercise the same power and jurisdiction to hear, try, and determine prosecutions upon information for crimes, misdemeanors, and offenses, to issue writs and process, and do all other acts therein, as they possess and may exercise in cases of like prosecutions upon indictment." (Emphasis in 1871 Compiled Laws).

\* \* \*

"(7944.) SEC. 8. No information shall be filed against any person for any offense, until such person shall have had a preliminary examination therefor, as provided by law, before a justice of the peace, or other examining magistrate or officer, unless such person shall waive his right to such examination \* \* \* .

"(7945.) SEC. 9. The recorder's court of the city of Detroit shall be deemed and held to be one of the courts referred to in the first section of this act, and the provisions of this act shall apply and extend to said court, in the same manner and to the same extent as to any of the courts of this State, referred to in said first section."

This 1859 act was repealed in 1927 by 1927 PA 175. However, the portion of 1871 CL 7944, quoted above, was reenacted verbatim in 1927 PA 175; 1929 CL 17256. Sections 7937 and 7945 of the 1871 Compiled Laws were "superseded" and "merged" in the Compiled Laws of 1929, 1929 CL 17215. (See the historical note to that section.) This "merged" section reads as follows:

"17215. SECTION 1. The several circuit courts of this state, the recorders' courts and any court of record having jurisdiction of criminal causes, shall possess and may exercise the same power and jurisdiction to hear, try, and determine prosecutions upon informations for crimes, misdemeanors and offenses, to issue writs and process

and do all other acts therein as they possess and may exercise in cases of like prosecutions upon indictments."

These provisions of the Compiled Laws of 1929 appear unchanged in the Compiled Laws of 1948, with § 17215 appearing at MCLA 767.1; MSA 28.941; and § 17256 (1871 CL 7944) appearing at MCLA 767.42; MSA 28.982.

Accordingly, statutory provisions 7937 and 7945 of the Compiled Laws of 1871, incorporated by reference in the recorder's court act, which enabled recorder's court, *inter alia,* to exercise jurisdiction to hear prosecutions upon information in like manner as upon indictment, have not been changed *in substance* since 1871. In *Duncan,* we recognized conversely that felony defendants charged by indictment should have the right to a preliminary examination, in like manner as defendants prosecuted by information. Under 1871 CL 7944, incorporated by reference in the recorder's court act, MCLA 726.13; MSA 27.3563, it is clearly stated that *"[n]o information shall be filed against any person for any offense, until such person shall have had a preliminary examination."* (Emphasis added.)[2] Reading *Duncan* in conjunction with this provision, since a preliminary examination is a condition precedent to prosecution by information, a preliminary examination must be required for defendants prosecuted by indictment as well for them to be treated in like manner.

The Recorder's Court Local Rules do not restrict

_____

[2] It appears that at one time, perhaps from the inception of recorder's court, and until 1919, preliminary examinations were conducted for recorder's court by a police court. Since 1919, when police courts were abolished and their functions, "including the holding of examinations," (1919 PA 369 § 10; MCLA 725.10; MSA 27.3950) transferred to the municipal courts, "the judges of the recorder's court have held examinations to determine whether there was good cause to hold for trial persons who had been arrested." *People v Miller,* 217 Mich 635, 639; 187 NW 366 (1922); *similarly, see People v Cason,* 387 Mich 586; 198 NW2d 292 (1972).

the right to a preliminary examination to felony cases alone. Recorder's Court Local Rule 8 provides in pertinent part:

"The Examining Magistrate *shall conduct all preliminary examinations* and all arraignments *on* felony and *high misdemeanor warrants* * * * ." (Emphasis added.)

It is significant that this Court, in 1972, considered amendment of Rule 8. It was proposed that Rule 8 be amended to read as follows: "There shall not be a preliminary examination in any case that can be tried in a district court."[3] Had this proposed change been adopted, the right to a preliminary examination in any case with a penalty of a year's imprisonment or less would have been abolished. The amendment, however, was rejected.

Clearly, the decision not to amend a rule is as important and material as the recognition that a rule has been amended. It demonstrates a reasoned choice among alternatives. Despite the Legislature's enactment of the district court act in 1968, MCLA 600.8311; MSA 27A.8311, as amended in 1969, denying the right to a preliminary examination in district courts for offenses punishable by imprisonment up to one year, this Court's reasoned choice in 1972 was *not* to abolish the right to a preliminary examination for "high misdemeanor" cases in recorder's court.

Moreover, in July, 1970, this Court approved amendments to Recorder's Court Local Rule 7 which provided, *inter alia,* that the "Misdemeanor Docket shall consist of all offenses and other matters cognizable by a District Judge (See C.L. 1948, 600.8311; MSA Sec. 27A.8311)." Rule 7, § 2, Rules of the Recorder's Court of Detroit. Section 8311 of the district

[3] Proposed by a member of the Recorder's Court Rules Committee, and rejected by this Court, with one Justice not participating. Minutes of Administrative Meeting of Supreme Court, October 17–18, 1972.

court act had been amended in 1969 to provide that "there shall not be a preliminary examination for any misdemeanor to be tried in a district court." 1969 PA 261; MCLA 600.8311(d); MSA 27A.8311(d). A district court has jurisdiction to try "[m]isdemeanors punishable by a fine or imprisonment not exceeding 1 year, or both." MCLA 600.8311(a); MSA 27A.8311(a). Clearly, reading Recorder's Court Local Rule 7 in conjunction with Rule 8, this Court decided that recorder's court was to be treated differently from the district courts, in respect to the right to a preliminary examination.[4]

The one year misdemeanor charged in the instant case is a "high misdemeanor". Therefore, the right to a preliminary examination attaches.

This opinion relates strictly to the recorder's court.[5] The procedures in district, municipal, and other courts are governed by different legislation and rules of law.

The Court of Appeals order, and the ruling of the recorder's court magistrate are reversed. The case is remanded for further proceedings not inconsistent with this opinion.

T. M. KAVANAGH, C. J., and T. G. KAVANAGH, SWAINSON, LEVIN, M. S. COLEMAN, and J. W. FITZGERALD,[6] JJ., concurred with WILLIAMS, J.

---

[4] By way of information, it is said that the consistent practice of recorder's court both before and after the adoption of Rule 7 has been to handle all complaints where the sentence can exceed 3 months in jail and a fine of $100 the same as a felony complaint and to give the complaint a felony filing number rather than a misdemeanor number and to use the same flat filing folder used to file a felony complaint. Also the opportunity for a preliminary examination has generally been afforded.

[5] No reference is made to GCR 1963, 788 and MCLA 766.4; MSA 28.922 for the reason that when the latter is interpreted with MCLA 726.11; MSA 27.3561, where recorder's court jurisdiction is outlined, a nonviable result is reached; for example, the recorder's court magistrate would have no authority to give preliminary examinations for felonies.

[6] J. W. FITZGERALD, J., was sitting on the Supreme Court at the time the above opinion was filed. T. E. BRENNAN, J., was no longer on the Court.—REPORTER.