PEOPLE v CARTER

1. INDICTMENT AND INFORMATION—PRELIMINARY EXAMINATION—RET-
ROACTIVE APPLICATION.

A holding of the Michigan Supreme Court that a defendant has a
right to a preliminary examination following indictment by a
grand jury is not retroactive.

2. COURTS—DECISIONS—RETROACTIVE APPLICATION—PROSPECTIVE AP-
PLICATION.

The three factors to be used in determining whether a law should
be applied retroactively or prospectively are: (1) the purpose of
the new rule; (2) the general reliance on the old rule; and (3)
the effect on the administration of justice.

3. CONTINUANCE—DISCRETION—COURT RULE.

The granting or denial of a continuance is subject to the discre-
tion of the trial court and absent a clear abuse of discretion the
decision will not be overturned (GCR 1963, 503.2).

4. CRIMINAL LAW—PRIOR CONVICTIONS—ASSISTANCE OF COUNSEL—
TRIAL STRATEGY.

Defense counsel's questioning of the defendants and cross-exami-
nation of the people's witnesses concerning the sentences they
were *currently* serving in a case where prison inmates killed
another inmate was not a "serious mistake" requiring reversal,
where the jury was taken to the prison for a view, and defense
counsel's actions were part of trial strategy in light of the
jury's knowledge.

Appeal from Jackson, Paul R. Mahinske, J. Sub-

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 442–451.
[2] 20 Am Jur 2d, Courts §§ 64, 67, 69.
[3] 17 Am Jur 2d, Continuance §§ 3, 4.
Withdrawal or discharge of counsel in criminal case as ground for
continuance. 66 ALR2d 298.
[4] 58 Am Jur, Witnesses §§ 718, 723. .

mitted Division 2 May 8, 1974, at Lansing. (Docket No. 16693.) Decided June 25, 1974.

Eulis Carter, Thomas Martin, John Ballard, and Willie Brown, Jr., were convicted of first-degree murder and conspiracy to commit murder. Defendants appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Bruce A. Barton,* Prosecuting Attorney, and *James M. Justin,* Chief, Appeals Division, for the people.

*Steven L. Schwartz,* Assistant State Appellate Defender, for defendants.

Before: BRONSON, P. J., and HOLBROOK and O'HARA,* JJ.

BRONSON, P. J. Appellants, Eulis Carter, John Ballard, Thomas Martin, and Willie Brown, Jr., were all indicted on January 19, 1971, for the homicide of Shad Green, Jr., their fellow inmate at Jackson Prison. The Jackson County citizens' grand jury indicted appellants for first-degree murder (MCLA 750.316; MSA 28.548, and see MCLA 767.71; MSA 28.1011) and conspiracy to commit murder (MCLA 750.157a; MSA 28.354[1]). Beginning May 17, 1971, appellants were tried before a jury and were all found guilty as charged on June 4, 1971. Appellants were all sentenced on July 1, 1971, to serve concurrent life sentences on each conviction to begin at the end of their present terms.

Prior to trial appellants moved for a preliminary examination on the indictments. These motions

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

were properly denied based on procedural law
then existing. Appellants now contend that *People
v Duncan,* 388 Mich 489; 201 NW2d 629 (1972),
decided October 31, 1972, approximately one year
and three months *after* their trial, requires rever-
sal.

*Duncan, supra,* p 502, declared:

"We hold that in each case, and in all pending cases
in which the right to a preliminary examination was
asserted prior to trial and is presently being asserted,
such right shall be accorded to the defendant. In all
future cases wherein a defendant is accused of a felony,
the right to a preliminary examination shall exist."
See, also, *People v Barbara,* 390 Mich 377; 212 NW2d
14 (1973).

In *People v Lazaroff,* 50 Mich App 84; 212 NW2d
743 (1973), a panel of this Court held, "We do not
read this language *[Duncan, supra]* as requiring
application of *Duncan* to a case tried before *Dun-
can". Lazaroff, supra,* at 88. Leave to appeal the
*Lazaroff* decision was denied. 390 Mich 815 (1973).
*People v Harris,* 47 Mich App 757; 209 NW2d 793
(1973), in apparent conflict with the decision in
*Lazaroff,* was decided by another panel of this
Court. We think that the decision in *Lazaroff* more
accurately reflects the policies involved in the
determination of when a procedural rule should be
given retroactive application. See: *People v Hamp-
ton,* 384 Mich 669; 187 NW2d 404 (1971).

In *Hampton, supra,* the Michigan Supreme
Court, relying on prior decisions of the United
States Supreme Court, adopted three factors to be
used in determining whether a law should be
applied retroactively or prospectively. The three
key factors are:

"(1) the purpose of the new rule; (2) the general

reliance on the old rule; and (3) the effect on the administration of justice." *(Hampton, supra,* at 674.)

In *Duncan* the Court submitted for adoption a new court rule (788) incorporating their new decision. This decision was made as a matter of *criminal procedure* in the exercise of the Court's inherent power and not as a matter of constitutional right. *Duncan, supra,* 502.

We do not believe that the purpose of the new procedure established in *Duncan* requires reversal. This is especially true where, as here, the defendants had the transcript of the grand jury proceeding, were able to cross-examine witnesses aided by this transcript, and where no prejudice has been shown.

Prior to *Duncan* three circuit judges relied upon the then existing law to determine this case. To reverse here would be equivalent to asking a circuit judge to anticipate new procedural rules, guess at their effective dates, and then rule in direct opposition to presently establish precedent. The reliance of the trial bench on the old rule will not be overturned.

The last factor is the most cogent reason, in this case, for denying *Duncan* retroactivity. In this appeal, for reasons not clearly appearing of record, the time from jury verdict to present exceeds two years and nine months. Had the appeal run a normal and expeditious course, it is possible that it would have been completed *prior* to *Duncan.* Foot-dragging, for whatever reason, should not be rewarded.

A reversal would have no beneficial effect on the administration of justice. We therefore repeat our holding in *Lazaroff* that *Duncan* is inapplicable to cases tried before *Duncan.*

The defendants' second contention relates to the record of the grand jury proceeding. The complete grand jury transcript was not received until four days before trial. A continuance was denied. The granting or denial of a continuance is subject to the discretion of the trial court and absent a clear abuse of such discretion the decision will not be overturned. GCR 1963, 503.2, and *People v Knox,* 364 Mich 620; 111 NW2d 828 (1961). The defense claimed a witness was unavailable. The prosecution offered to stipulate to admit the grand jury testimony of this witness. The defense also complained about insufficient time to prepare for cross-examination but this is not supported by the record, which shows vigorous cross-examination. We find no clear abuse of discretion.

In this case defense counsel questioned the defendants and cross-examined the people's witnesses concerning the sentences they were *currently* serving. No objections were made at trial. Furthermore, this was a prison murder, the jury was taken to the prison for a view, and it seems defense counsel's actions were part of trial strategy in light of the jury's knowledge. The argument is neither preserved nor supported by authority.

Appellate counsel asserts that this strategy was a "serious mistake" requiring reversal per *People v Degraffenreid,* 19 Mich App 702; 173 NW2d 317 (1969). For the reasons stated, we do not agree and find no reversible error.

In a supplemental brief appellants raise additional claims of error. These have been carefully considered. The claims were either not preserved on appeal or do not require decisional discussion. We find no reversible error.

Affirmed.

All concurred.