PEOPLE v RENO

Docket No. 77-2285. Submitted June 7, 1978, at Detroit.—Decided
September 19, 1978. Leave to appeal applied for.

Defendant, Gordon A. Reno, was charged with aggravated assault
and was convicted of assault and battery in Recorder's Court of
Detroit, Frank Miltner, J. Defendant appeals alleging error in
failing to grant him a preliminary hearing and in the lack of
specificity of the warrant and complaint. *Held:*

1. Due to an amendment in the statute governing prelimi-
nary examinations a defendant charged with a high misde-
meanor in Detroit Recorder's Court is no longer entitled to a
preliminary examination, and the Recorder's Court rules do not
require one.

2. An information is sufficient if stated in the language of the
statute.

3. The proper time for a defendant to object to the insuffi-
ciency of a warrant and complaint is prior to trial, not at the
close of the people's case.

Affirmed.

BRONSON, J., dissented. He would hold that Recorder's Court
Rule 8 affords a preliminary examination to the defendants
charged with high misdemeanors.

OPINION OF THE COURT

1. CRIMINAL LAW—STATUTES—MISDEMEANORS—PRELIMINARY EXAMI-
NATIONS—RECORDER'S COURT RULES.

The statute providing for a preliminary examination prior to the
filing of an information was amended to eliminate the necessity
for preliminary hearings in misdemeanor cases and, since the
Recorder's Court rules do not require a preliminary hearing in
misdemeanor cases, there is no right to a preliminary examina-

REFERENCES FOR POINTS IN HEADNOTES

[1, 4] 41 Am Jur 2d, Indictments and Informations § 20.
[2] 41 Am Jur 2d, Indictments and Informations §§ 86, 89.
[3] 4 Am Jur 2d, Appeal and Error § 18.
5 Am Jur 2d, Appeal and Error §§ 553, 557.

tion in misdemeanor cases in that court (MCL 767.42; MSA 28.982; Recorder's Court Rules 7, 8).

2. INDICTMENT AND INFORMATION—SUFFICIENCY OF INFORMATION.

An information is sufficient if stated in the language of the statute.

3. APPEAL AND ERROR—CRIMINAL LAW—PRESERVING QUESTION.

The Court of Appeals will not reverse a criminal conviction because of a claim that the trial court disregarded a defendant's objection in the absence of a showing that the trial court abused its discretion.

DISSENT BY BRONSON, J.

4. CRIMINAL LAW—MISDEMEANORS—PRELIMINARY EXAMINATIONS—STATUTES—RECORDER'S COURT RULES.

*Defendants charged with high misdemeanors in Detroit Recorder's Court are entitled to a preliminary examination by virtue of the Recorder's Court rules and the amendment to the statute eliminating the statutory right to a preliminary examination in misdemeanor cases does not affect a defendant's rights under the court rule (MCL 767.42; MSA 28.982; Recorder's Court Rule 8).*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Rita Chastang,* Assistant Prosecuting Attorney, for the people.

*Lawrence R. Greene,* for defendant.

Before: BASHARA, P. J., and BRONSON and C. W. SIMON, JR.,* JJ.

BASHARA, P. J. Defendant was originally charged in the Recorder's Court with aggravated assault, MCL 750.81(a); MSA 28.276(1). He was found guilty of the included offense of assault and bat-

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

tery, MCL 750.81; MSA 28.276, and appeals as of right.

Defendant first contends that under the Rules for the Recorder's Court of Detroit, Rules 7 and 8, and under the authority of *People v Barbara,* 390 Mich 377; 214 NW2d 833 (1973), a defendant charged with a high misdemeanor in Recorder's Court has a right to preliminary examination. While this right is usually only recognized in the case of a felony, defendant is correct that by law a different rule is to be applied in the Recorder's Court.

While we recognize defendant's contention under *Barbara,* the statute on which that case relied has since been amended. MCL 767.42; MSA 28.982, at the time of the *Barbara* decision provided that:

"No information shall be filed against any person for *any offense* until such person shall have had a preliminary examination therefor, as provided by law, before a justice of the peace or other examining magistrate or officer, unless such person shall waive his right to such examination." (Emphasis supplied.)

The amendment, enacted in 1974 states:

"Sec. 42. (1) An information shall not be filed against any person for a felony until such person has had a preliminary examination therefor, as provided by law, before an examining magistrate, unless that person waives his *statutory* right to an examination."

The clear implication of the statutory change was to eliminate the necessity for preliminary examinations in misdemeanor cases.

In our opinion, Recorder's Court Rules 7 and 8 do not clearly require preliminary examinations in misdemeanor cases so as to abrogate the statute.

Rule 7 does not speak to the requirement at all. Rule 8 states that:

"The Examining Magistrate shall conduct all Preliminary Examinations *and* all *arraignments* on felony and high misdemeanor warrants * * * ." (Emphasis supplied.)

In the absence of any specific court rule or opinion abrogating the clear import of the amended statute, we conclude that there is no right to a preliminary examination in misdemeanor offenses.

Defendant's second contention that he was prejudiced by the failure of the warrant and complaint to be more specific as to the nature of the charge against him is without merit. An information is sufficient if stated in the language of the statute, *People v Lightstone,* 330 Mich 672; 48 NW2d 146 (1951).

In any event, the time for a defendant to object to the form of an information is prior to trial. The defendant did not object until the close of the people's case. In the absence of a showing that the trial court abused its discretion in disregarding defendant's objection, this Court will not reverse. *People v Reed,* 17 Mich App 696; 170 NW2d 303 (1969), *lv den* 383 Mich 769 (1970).

Affirmed.

C. W. SIMON, JR., J., concurred.

BRONSON, J. *(dissenting).* I respectfully dissent. In *People v Barbara,* 390 Mich 377; 214 NW2d 833 (1973), our Supreme Court unanimously held that Detroit Recorder's Court Rule 8, the rule in question here, gave defendants in high misdemeanor cases the right to a preliminary examination. I do

not believe the option of interpreting the rule differently is open to us.

It is, of course, true that after the decision in *Barbara* the Legislature amended the preliminary examination statute. Review of *Barbara,* however, demonstrates quite clearly that our Supreme Court relied on the court rule, *not* the statute, in determining that high misdemeanor defendants in Detroit Recorder's Court are entitled to preliminary examinations. *Barbara* at 382b–382d. Therefore, the amendment of the statute cannot affect a defendant's separate rights under the court rule unless it can be said that the statute overrules the court rule. This is not the case here. As amended, the statute does not preclude preliminary examinations in high misdemeanor cases. Compare MCL 600.8311; MSA 27A.8311 with MCL 767.42; MSA 28.982. Instead, the statute merely states there shall be a statutory right to a preliminary examination in all felony cases. Since it does not preclude preliminary examination in high misdemeanor cases, it neither conflicts with nor overrules Detroit Recorder's Court Rule 8, and there is no need to decide which is controlling. See, *e.g., People v Mordell,* 55 Mich App 462; 223 NW2d 10 (1974), *People v Williams #2,* 45 Mich App 630; 207 NW2d 180 (1973). Rule 8 merely affords defendants additional rights to those granted by the statute.

Since the statute did not contradict nor overrule the court rule, and our Supreme Court has held that the court rule grants defendants in high misdemeanor cases the right to preliminary examinations, defendant was entitled to a preliminary examination. The refusal to grant his timely request for one constitutes reversible error.